UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| Snow Covered Capital, LLC, | Case No. 2:22-cv-01181-CDS-VCF |
| Plaintiff, | **Order** |
| vs. | Motion for Reconsideration (ECF No. 45) |
| Jodi Fonfa, et al., | |
| Defendants. | |

Defendant Jodi Fonfa filed a motion for reconsideration. ECF No. 45. I grant the motion.

**I.     Background**

On October 28, 2022, plaintiff Snow Covered Capital filed a motion to strike defendant Jodi Fonfa's answer to the first amended complaint. ECF No. 40. Since defendant Fonfa did not timely file a response, I granted the motion to strike. ECF No. 44. Defendant's counsel argues in the motion for reconsideration that a calendaring error caused him to inadvertently not file a response to the motion to strike, due in part to the federal holiday. ECF No. 45. Counsel for the defendant argues that the plaintiff will not be prejudiced be allowing him to file his opposition because this case in the beginning stages and discovery only recently started. *Id.* Discovery in this case is due by June 2, 2023. ECF No. 36. The plaintiff argues in its response that it will be prejudiced because allowing the defendant to file an opposition now will unreasonably delay this case. ECF No. 46. The plaintiff also argues that the defendant has acted in bad faith and has strategically delayed this case. *Id.* at 8. Defendant's counsel

argues in the reply that he did not act in bad faith or fail to file an opposition to gain an advantage in this litigation. ECF No. 47 at 5.

**II.     Analysis**

Excusable neglect is an equitable concept and is "remedial in nature and…must be liberally applied." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1262 (9th Cir. 2010) (citation omitted). "[A]bsent bad faith on the part of the movant or undue prejudice to the other parties to suit, discretionary extensions should be liberally granted." *Johnson v. Bay Area Rapid Transit Dist*., No. C-09-0901 EMC, 2014 U.S. Dist. LEXIS 50541, at 10 (N.D. Cal. Apr. 10, 2014), quoting *Nat'l Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977).

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1261 (9th Cir. 2010), citing to *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions). No one factor is dispositive. See, e.g., *Doe 150 v. Archdiocese of Portland in Oregon*, No. CV 08-691-PK, 2010 U.S. Dist. LEXIS 129877, 2010 WL 5071203, at 1 (D. Or. Dec. 7, 2010). The balancing of all four factors is "left to the discretion of the district court in every case." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc). The Ninth Circuit has noted that the fact that a party will have to defend a claim on its merits is not "prejudice" for purposes of the excusable neglect standard. *Cf. Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1224-25 (9th Cir. 2000) ("The prejudice to the Postal Service was minimal. It would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have to

2

reschedule the trial date. But such prejudice is insufficient to justify denial of relief under Rule 60(b)(1).")

In my experience, defense attorneys sometimes attempt to frustrate litigation with unreasonable delays.[1] These types of delay tactics fly in the face of Rule 1 to the Federal Rules, which states that the rules, "should be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (Note that the 2015 amendments clarified that "***the parties*** share the responsibility to employ the rules" to achieve these ends) (emphasis added).

Plaintiff appears to contend that defense counsel put his license on the line, by intentionally missing a deadline on a consequential motion—all to delay this case.  That tactic would be a high risk/low reward gamble. I am not convinced that defense counsel intentionally missed an important deadline to gain an advantage of a slight delay. There is no danger of prejudice to the opposing party because this case is still in the early stages of discovery. The delay here is not lengthy and is unlikely to have any significant impact on the proceedings. Calendar errors happen to many attorneys at some point in their career. I find that it is reasonable that the delay here was due to a clerical error and not intentional. I find that the movant, in this circumstance, has acted in good faith. On balance, I find that the defendant has met the excusable neglect standard. Given that cases should be decided on the merits, I will vacate my previous order. Should something similar happen again in this case, however, I may consider sanctions, including case dispositive sanctions.

---

[1] The plaintiff has an interest in pursuing his case without delay. "A well-known saying, generally attributable to William Gladstone, is that 'Justice delayed is justice denied.' A lesser known saying, known to be attributable to prominent defense lawyers from major law firms, is that 'Justice delayed is justice [for the defendants].'" *Grewal v. Jammu*, 191 Cal. App. 4th 977, 999, 119 Cal. Rptr. 3d 835, 852 (2011).

ACCORDINGLY,

I ORDER that defendant Fonfa's motion for reconsideration (ECF No. 45) is GRANTED. Defendant Fonfa has until **Friday, January 20, 2023** to properly file on the docket the opposition to the plaintiff's motion to strike (currently at ECF No. 45-2). The plaintiff's reply will be due seven days after the defendant properly files the opposition on the docket.

I FURTHER ORDER that my previous order granting the motion to strike (ECF No. 44) is VACATED.

IT IS SO ORDERED.

DATED this 17th day of January 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE