Bob L. Olson, Esq.
Nevada Bar No. 3783
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: bolson@swlaw.com

James D. McCarthy (*via pro hac vice*)
MaryAnn Joerres (*via pro hac vice*)
David Reynolds (*via pro hac vice*)
DIAMOND MCCARTHY, LLP
2711 N. Haskell Ave., Suite 3100
Dallas, TX 75204
Telephone: (214) 389-5300
Facsimile: (214 389-5399
Emails: jmccarthy@diamondmccarthy.com
        mjoerres@diamondmccarthy.com
        dreynolds@diamondmccarthy.com

*Attorneys for Snow Covered Capital, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC,<br>      Plaintiff,<br><br>vs.<br><br>JODI FONFA; EVAN FONFA, an individual and in his capacity as the Trustee of THE EVAN FONFA 2018 TRUST dated December 26, 2018; THE EVAN FONFA 2018 TRUST dated December 26, 2018; and DOE DEFENDANTS I THROUGH X,<br><br>      Defendants. | Case No.: 2:22-CV-01181-CDS-BNW<br><br>**PLAINTIFF SNOW COVERED CAPITAL LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO ITS MOTION TO EXTEND SCHEDULING ORDER DEADLINES (ECF NO. 52)** |

Plaintiff Snow Covered Capital, LLC respectfully submits the above-referenced Motion for Leave. There is good cause for granting that Motion.

## I.    **INTRODUCTION.**

On March 8, 2023, SCC filed its Motion to Extend Scheduling Deadlines (ECF No. 52, the "Motion to Extend"). That was SCC's First Request for such an extension. The attorneys for Defendant Evan Fonfa and his 2018 Trust agreed to that extension at the time of the filing, but later reneged on that agreement after Defendant Jodi Fonfa, acting by and through her attorneys,

1

announced her opposition to the Motion to Extend. The Motion to Extend asked this Court to extend each of the deadlines set forth in the operative Scheduling Order (ECF No. 36) by "at least" 60 days.[1] A proposed order to that effect was attached to the Motion to Extend as Exhibit "A".

At the time the Motion to Extend was filed, the Evan Fonfa Defendants had not yet answered the Complaint, while the Motion to Strike Defendant Jodi Fonfa's Answer (had been on file for just two days). Yet the initial – April 1st – deadlines in the operative Scheduling Order (the fact discovery cutoff and initial expert designations) were only weeks away.

Defendant Jodi Fonfa responded to the Motion to Extend on March 22, 2023, *see* ECF No. 54, as did the course-reversing Evan Fonfa Defendants, *see* ECF No. 53. At the time of these defense filings, and as of today's date, those Defendants have taken no fact discovery. Further, by the time that the operative Scheduling Order's discovery and expert designation deadlines had passed on April 1, 2023, those Defendants had neither taken discovery nor designated experts, while SCC had done both.

Despite the awkward procedural posture of this litigation at the time the Motion to Extend was filed, SCC did its best to conduct what discovery it could within the time remaining for discovery. It did so by: (1) serving requests for admission, interrogatories, document requests, and a deposition notice on Defendant Jodi Fonfa; (2) serving requests for admission, interrogatories, document requests and a deposition notice on Evan Fonfa, individually and on the Evan Fonfa 2018 Trust; and (3) by serving document and deposition subpoenas on four third party fact witnesses – all designated as such by the parties, *viz,* John E. Dawson, Dawson & Lordahl, Steven Pacitti, and Morris Estate Planning Attorneys.

The Supplement describes Defendants' efforts to block all of that discovery in the period right after the last filing regarding the Motion to Extend.

///

///

---

[1] As to the reasons for this unusual "at least" qualification to SCC's request, *see* the Motion to Extend at 2 n.2. There will have to be additional and different adjustments to the SCC-proposed Scheduling Order as the original 60 days will have expired before there will be a ruling on the Motion to Extend.

## II. POINTS AND AUTHORITIES.

**A.  APPLICABLE LAW.**

This District's LR 7-2(g) prohibits supplementation without leave of court. In full, that rule provides that "[a] party may not file supplemental pleadings, briefs, authorities or evidence without leave of court granted for good cause." The judge may strike supplemental filings made without leave of court. As Judge Dorsey wrote recently,

> No party may file a supplement in support of any other document without first asking for – and receiving an order granting – leave to file a supplement. Any motion requesting leave to file a supplement must attach the proposed supplement as an exhibit.[2]

SCC's Motion for Leave meets all of these formal requirements. For the reasons set forth below, and in the Supplement itself, there is also good cause for granting that motion.

**B.  THERE IS GOOD CAUSE FOR GRANTING LEAVE TO FILE THE SCC SUPPLEMENT.**

The story of Defendants' efforts to wholly obstruct all of that discovery, and so the schedule in this case, was only beginning to be told in SCC's Reply Brief in Further Support of its Motion to Extend Scheduling Order Deadlines (ECF Nos. 58 and 59, filed on April 29-30, 2023)[3] as Defendants' new round of obstruction was just beginning. The proposed Supplement that is attached hereto as **Exhibit "A"** is necessary to bring that story of wholesale obstruction – and continuing fraudulent concealment – up to date. Because that story is essential to understanding the Motion to Extend, and the case disruption that gave rise to it, this Court should grant SCC leave to file its Supplement.

That Supplement discloses a pattern of consistently outrageous conduct, all intended to maintain the veil over the Fonfas' fraudulent transfers and their continuing concealment of those transactions. That disclosure can only be made in this Supplement for the simple reason that the

---

[2] *AAA by next friend Abdul-Alim v. Clark County School District*, 2020 WL 4904630 at *1 (D. Nev. August 20, 2020).

[3] For unknown reasons, only some of the pages of the reply appeared on the Court's website when the reply brief was initially filed. See ECF No. 58. That was noticed and cured the next morning, before the Court opened, with an amended reply brief containing all of the pages. *See* ECF No 59. An unopposed Motion for Leave to permit the second (technically late) filing was also filed that morning. *See* ECF No. 60.

1  events described therein all recurred in the immediate aftermath of the last filing regarding the
2  Motion to Extend.

### III.  CONCLUSION.

For all of the foregoing reasons, SCC respectfully requests that this Court grant SCC leave to file the Supplement attached hereto as **Exhibit "A".**

Dated: April 27, 2023.

DIAMOND MCCARTHY, LLP

/s/ *James D. McCarthy*
James D. McCarthy (*pro hac vice*)
MaryAnn Joerres (*pro hac vice*)
David Reynolds (*pro hac vice*)
DIAMOND MCCARTHY, LLP
2711 N. Haskell Ave., Suite 3100
Dallas, TX 75204
Phone: (214) 389-5300
Emails: jmccarthy@diamondmccarthy.com
        mjoerres@diamondmccarthy.com
        dreynolds@diamondmccarthy.com

-- and –

Bob L. Olson (NV Bar No. 3783)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Emails: bolson@swlaw.com

*Attorneys for Plaintiff Snow Covered Capital LLC*

### ORDER

IT IS ORDERED that ECF No. 74 is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to detach and file Exhibit A (at ECF No. 74-1).

**IT IS SO ORDERED**
**DATED:** 9:38 am, May 01, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4886-3203-6192

# **CERTIFICATE OF SERVICE**

I, the undersigned, certify that, on April 27, 2023, I caused a true and correct copy of the foregoing SCC Motion for Leave to File Supplement to Plaintiff Snow Covered Capital, LLC's Motion to Extend Scheduling Order Deadlines to be served by transmitting a copy of the same via the CM/ECF system, pursuant to LR IC 4-1, to those parties participating in that system, and thereby serving the above-referenced document on the individuals listed below.

James J. Jimmerson, Esq.
THE JIMMERSON LAW FIRM, P.C.
415 So. Sixth Street, Suite 100
Las Vegas, NV 89101
jimmerson@jimmersonlawfirm.com

*Attorneys for Defendant Jodi Fonfa*

Jacob D. Crawley, Esq.
Dana A. Dwiggins, Esq.
SOLOMON DWIGGINS & FREER, LTD.
9060 W. Cheyenne Ave.
Las Vegas, NV 89129
jcrawley@sdfnvlaw.com
ddwiggins@sdfnvlaw.com

*Attorneys for Evan Fonfa; The Evan Fonfa 2018 Trust dated December 26, 2018; and Evan Fonfa as Trustee on behalf of The Evan Fonfa 2018 Trust dated December 26, 2018*

Dated: April 27, 2023.

                                                                          */s/ James D. McCarthy*
                                                                           James D. McCarthy

4886-3203-6192

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| A | First Supplement to Plaintiff Snow Covered Capital, LLC's Motion to Extend Scheduling Order Deadlines (ECF No. 52) | 10 |

4886-3203-6192

# EXHIBIT A

First Supplement to Plaintiff Snow Covered Capital, LLC's Motion to Extend Scheduling Order Deadlines (ECF No. 52)

Bob L. Olson, Esq.
Nevada Bar No. 3783
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: bolson@swlaw.com

James D. McCarthy (*via pro hac vice*)
MaryAnn Joerres (*via pro hac vice*)
David Reynolds (*via pro hac vice*)
DIAMOND MCCARTHY, LLP
2711 N. Haskell Ave., Suite 3100
Dallas, TX 75204
Telephone: (214) 389-5300
Facsimile: (214 389-5399
Emails: jmccarthy@diamondmccarthy.com
       mjoerres@diamondmccarthy.com
       dreynolds@diamondmccarthy.com

*Attorneys for Snow Covered Capital, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC,<br>       Plaintiff,<br><br>vs.<br><br>JODI FONFA; EVAN FONFA, an individual and in his capacity as the Trustee of THE EVAN FONFA 2018 TRUST dated December 26, 2018; THE EVAN FONFA 2018 TRUST dated December 26, 2018; and DOE DEFENDANTS I THROUGH X,<br><br>       Defendants. | Case No.: 2:22-CV-01181-CDS-BNW<br><br>**FIRST SUPPLEMENT TO PLAINTIFF SNOW COVERED CAPITAL LLC'S MOTION TO EXTEND SCHEDULING ORDER DEADLINES (ECF NO. 52)** |

Plaintiff Snow Covered Capital, LLC ("SCC) respectfully submits this, its First Supplement to its Motion to Extend Scheduling Order Deadlines (the "Motion to Extend"), and states as follows.

## I. INTRODUCTION.

The Motion to Extend, and the related briefing, have been described in the Motion for Leave to which this Supplement is attached. For more information, this Court should consult that briefing. For present purposes, it is enough to note that the predicate for that Motion to Extend is Defendants' non-stop disruption of rational discovery (and so scheduling) in a multi-case environment.

1

1065715
4888-6757-2576

This Supplement is written to advise the Court that, since the last of the filings related to the Motion to Extend, that calculated disruption – particularly by Defendant Jodi Fonfa – has increased on an absolutely epic scale. Because that disruption has had and will have important consequences for the scheduling issues raised by the Motion to Extend, and for the conduct of the case going forward, the story of that disruption needs to be part of the record – regarding the Motion to Extend and otherwise.

## II. SUPPLEMENTAL POINTS AND AUTHORITIES.

### A. THE FIRST EVAN FONFA MOTION FOR PROTECTIVE ORDER.

1. On March 24, 2023, Evan Fonfa and the Evan Fonfa Trust filed their fourteen-page Motion for Protective Order. Pursuant to LR 7-2(b), all oppositions to that Motion were due on or before April 7, 2023. However, when the Evan Fonfa Defendants filed their motion for leave to file a second motion for protective order on March 31, 2023 (ECF No. 61),[1] in the midst of the deposition controversies described below, the parties stipulated to a different briefing schedule (ECF No. 62), and the Court signed that stipulation (ECF No.63). The SCC response to this original (or first) Evan Fonfa motion for protective order is now due on May 5, 2023, and the Evan Fonfa reply is due on May 12, 2023.

### B. EVENTS SINCE THE FILING OF THE FIRST EVAN FONFA MOTION FOR PROTECTIVE ORDER

**The Blocking of Discovery Directed to Third Party Steven Pacitti**

2. On March 15, 2023, SCC served a subpoena upon Steven Pacitti (the "Pacitti Subpoena" and together with the Dawson Subpoenas and the Morris Subpoena, the "Subpoenas"). The Pacitti Subpoena required the production of documents from Mr. Pacitti and for his deposition on March 29, 2023, at 9:00 a.m.

3. Mr. Pacitti objected to the Pacitti Subpoena based on attorney-client privilege grounds and declined to appear for his deposition or produce documents without a court order. Mr. Pacitti's deposition was therefore postponed pending Mr. Pacitti's preparation of a privilege log

---

[1] The Motion for Leave is described below.

1   and production of non-privileged documents.  As of the date of this stipulation, Mr. Pacitti has

2   served SCC with his privilege log, but has neither: (a) produced those documents in his possession,

3   custody, or control that are not privileged; or (b) offered to give his deposition.  He maintains that

4   he has been instructed to take that position by Jodi Fonfa's counsel.

5         4.      An SCC Motion to Compel Mr. Pacitti's documents and deposition is inevitable as

6   he will not provide either without a Court order.  SCC and Mr. Pacitti have discussed these issues,

7   but it is now time to have that final meet-and-confer and file the SCC motion to compel.

8   **The Blocking of Discovery Directed to Third Party Morris Estate Planning Attorneys.**

9         5.      On March 15, 2023, SCC served a subpoena upon the Morris Estate Planning

10  Attorneys (the "Morris Subpoena").  The Morris Subpoena required the production of documents

11  and deposition testimony on March 29, 2023, at 3:00 p.m.

12        6.      Morris Estate Planning Attorneys also objected to the Morris Subpoena based on

13  attorney-client privilege grounds and has declined to appear for the deposition or produce

14  documents (privileged or unprivileged) without a court order.  Unlike Mr. Pacitti, the Morris firm

15  also declined to produce a privilege log.

16        7.      As was the case with Mr. Pacitti, Mr. Morris and the Morris firm were instructed to

17  take these positions by counsel for Defendant Jodi Fonfa.  Under those circumstances, Mr. Morris

18  remains unwilling to give testimony, or produce documents and a privilege log, without a court

19  order.

20        8.      The Morris Estate Planning Attorneys' deposition has been postponed pending

21  discussions to resolve those objections.  Should those discussions not bear fruit in the near term,

22  SCC will be obliged to file a motion to compel.

23  **Defendant Jodi Fonfa Walks Out Of Her Deposition.**

24        9.      On or about March 14, 2023, SCC served Defendant Jodi Fonfa with a deposition

25  notice stating that, pursuant to FRCP 26 and 30, SCC would be taking her deposition on Thursday,

26  March 30, 2023, at the law offices of Snell & Wilmer, L.L.P., 3883 Howard Hughes Parkway, Suite

27  1100, Las Vegas, Nevada 89169.  Defendant's deposition commenced at that location on March

28  30, 2023.

- 3 -

10.  During the deposition, on multiple occasions, Defendant was directed by her counsel, James J. Jimmerson, not to answer questions regarding issues which are the subject of specific SCC allegations and claims in this case, including questions regarding the current state of those transferred assets that are the subject of this fraudulent transfer litigation that did not implicate any form of privilege.

11.  After several of Defendant's counsel's lengthy objections to questions on such topics, Defendant's counsel terminated the deposition and walked out the door, stating that "pursuant to Rule 30(d)(3), we will need to file a motion tomorrow to limit the extent of this deposition for the reasons I've articulated."  Mr. Jimmerson never filed that motion.

12.  After meet-and-confer sessions with Jodi Fonfa's counsel on March 31st and April 19th, and after three weeks of waiting for Mr. Jimmerson's promised 30(d)(3) motion, SCC filed its "Motion to Compel Deposition of Jodi Fonfa" on April 20th (ECF No. 69).  Ms. Fonfa's response is due on or before May 4th.  A reply will undoubtedly follow, and the hearing on SCC's Motion to Compel has already been set for June 13th.  *See* ECF No. 73.

13.  Finally, it should be noted that Ms. Fonfa withheld those documents she was willing to produce until AFTER her deposition had been concluded, and thereby undermined significant aspects of the deposition.

**The Blocking of Discovery Directed to Third Parties John E. Dawson/Dawson & Lordahl, PLLC.**

14.  On March 14, 2023, SCC served subpoenas upon John E. Dawson, Esq., and Dawson & Lordahl, PLLC (collectively the "Dawson Subpoenas").  The Dawson Subpoenas required the production of documents by Dawson and Dawson & Lordahl in advance of Mr. Dawson's deposition on March 3, 2023, at 9:00 a.m. and Dawson & Lodahl's deposition immediately following Mr. Dawson's deposition.

15.  Neither Mr. Dawson nor Dawson & Lordahl objected to the Dawson Subpoenas prior to their noticed depositions.  Neither Mr. Dawson nor Dawson & Lordahl prepared a privilege log nor produced documents responsive to their subpoenas prior to their depositions (or since).  Mr. Dawson appeared for those depositions on March 31, 2023, and his deposition was consolidated

- 4 -

with the deposition of Dawson & Lordahl. Mr. Dawson did not review documents for the deposition and did not produce documents or a privilege log.

16. The testimony Mr. Dawson gave was extremely limited, as his counsel instructed him not to answer multiple questions on confidentiality and attorney-client privilege grounds, and he repeatedly stated that he could not answer questions without reference to the very documents he did not produce.

17. Immediately following the deposition of Mr. Dawson, counsel for the Parties, together with counsel for Mr. Dawson and Dawson & Lordahl, held the meet and confer required by LR IA 1-3(f) and LR 26-6(c). At that meet and confer, Mr. Dawson, Dawson & Lordahl, and Jim Jimmerson, Defendant Jodi Fonfa's counsel, agreed, among other things, to prepare a privilege log within three weeks (by April 21, 2023), produce all nonprivileged documents, and work in good faith to reschedule the depositions of Mr. Dawson and Dawson & Lordahl. This arrangement was then memorialized in a Stipulation agreed upon by the parties and filed on April 5, 2023 (ECF No. 62). Judge Fehrenbach signed that Stipulation on April 6th, just prior to his recusal. *See* ECF No. 63.

18. April 21, 2023 has come and gone, but Mr. Dawson and Dawson & Lordahl have not provided either a privilege log or the unprivileged documents. Nor have they offered to reschedule their depositions.

19. Instead, on April 7, 2023, the day after Judge Fehrenbach signed the Stipulation, Mr. Jimmerson filed "Jodi Fonfa's Motion for Protective Order on Snow Covered Capital LLC's Subpoenas for Depositions and Documents on Subpoenaed Attorney for Attorney's Fees" (ECF No. 65). That motion completely blew off the March 31st meet-and-confer agreements in asking this Court to "issue a protective order precluding the depositions (or further depositions) of [Messrs. Dawson and Pacitti, the Dawson & Lordahl, and the Morris Estate Planning Attorneys firms] and the disclosure of documents".[2] Alternatively, Jodi/Jimmerson asked this Court to "issue a

---

[2] Thus, the primary relief requested was that there be no depositions of those witnesses and that those witnesses not be obliged to produce *any* documents, privileged or unprivileged. As to the former we note that no privilege log has ever been provided by Dawson, Dawson & Lordahl or Jodi Fonfa.

- 5 -

protective order narrowing SCC's subpoenas to documents and information reasonably related to the alleged fraudulent conveyances and non-probate transfers identified" in [the SCC Complaint] and crucial to the needs of these matters."[3]  In either case, Ms. Fonfa wanted monetary sanctions against SCC.

20. SCC responded to the Jodi Fonfa Motion for Protective Order on April 21, 2023 (ECF No. 72).  Ms. Fonfa's reply is due on April 28, 2023.  Magistrate Judge Weksler has set that Motion for hearing on June 6, 2023.  *See* ECF No. 66.

**Problems With the Deposition of Evan Fonfa**

21. The deposition of Evan Fonfa began as noticed on March 31, 2023, but was disbanded with a reservation that it would be concluded once outstanding discovery requests were fulfilled.  That deposition must be resumed in all fairness for at least two reasons: (1) the strategic (and suspect) timing of document production (and lack of production) by Evan Fonfa and the Evan Fonfa 2018 Trust; and (2) Evan's refusals to answer questions his counsel deemed to encroach on a very suspect attorney-client privilege.

22. As to the first, in response to SCC's discovery requests in this case, Evan Fonfa produced less than a dozen or so documents on the eve of the deposition.  Unfortunately, this production did NOT include any documents that SCC had not already received from Evan Fonfa in connection with the related probate proceeding.

23. All documents new to SCC but responsive to its discovery requests were received AFTER the deposition had been provisionally disbanded.  In fact, there have been three such post-deposition discovery supplements by Evan and the Evan Fonfa 2018 Trust: one on March 31st within an hour or so after the deposition was disbanded; a second on April 3rd entitled First Supplemental Disclosures; and a third on April 21st entitled Second Supplemental Disclosures.  Each of these included documents that had been requested in SCC's written discovery but were not available to it during Evan Fonfa's deposition (and which would have been used in the deposition).  Even with his original production in this case, as well as the three supplements,

---

[3] The Motion did not explain how this was to be done.

1  all documents responsive to SCC's discovery requests have not been produced.  SCC will therefore be meeting and conferring with counsel as to those documents and, if unsuccessful in obtaining them, will be required to file a motion to compel.  In any event, documents key to the issues in this case were NOT available to SCC at the time of the deposition.

24. Secondly, during his deposition, Evan Fonfa followed the advice of his counsel on several occasions by refusing to answer questions relating to legal work done (and in at least some of these cases paid for by the Estate of Andrew Fonfa) based upon an alleged attorney-client relationship with the attorneys performing such work.  As to at least one such law firm, Evan Fonfa had stated that there was no such an attorney client relationship (after initially stating there was) in the period prior to the deposition.  Regardless of the legitimacy of an attorney-client relationship (and SCC doubts its legitimacy), Evan Fonfa never has complied with the Federal Rules intended to protect any such privileged information by, *inter alia,* providing SCC with a genuine privilege log.  The very brief privilege log attached to Evan Fonfa's April 21st Second Supplement does not meet that standard.

**The Second Evan Fonfa Motion for Protective Order.**

25. On March 31, 2023, in the midst of the depositions of Evan Fonfa and John Dawson being conducted that day, Evan Fonfa and the Evan Fonfa Trust filed their eleven-page *Motion for Leave to File Supplement to Motion for Protective Order* [ECF No. 61].  Should leave be granted, that Supplement would significantly alter the basis for the Original Motion for Protective Order.  Pursuant to LR 7-2(b) all oppositions to that Motion for Leave were due on or before April 14, 2023.

26. SCC responded to that Motion on that date (ECF No. 68), arguing that there were too many questions regarding the predicate to that motion (that Evan Fonfa had an attorney-client relationship with John Dawson), and that leave should be denied without prejudice.  The Evan Fonfa Defendants replied on April 21, 2023 (ECF No. 70), and their Motion for Leave is one of those set for hearing before this Court on June 6, 2013.  *See* ECF No. 66.

///

///

**Deficiencies in the Responses to SCC's Written Discovery to Jodi and Evan Fonfa**

27. SCC also served written discovery requests on Defendants Jodi and Evan Fonfa. These requests included interrogatories, document requests and requests for admissions, as well as the Jodi and Evan deposition notices referenced above. The responses, generally served too late for use in the depositions, were also generally non-responsive. After appropriate meet-and-confers, it is highly likely that additional motions to compel will be filed.

**The Jodi Fonfa Motion to Stay.**

28. After actively moving to prevent the attorney fact witnesses (Pacitti, the Morris firm, Dawson & Lordahl, and John Dawson) from complying with their subpoenas and providing the testimony, documents, and privilege logs they were required to provide pursuant to Fed. R. Civ. P. 45; and after blowing off their agreement to produce Dawson and Dawson & Lordahl documents and privilege logs by April 21st; and after filing a Jodi Fonfa motion for protective order that made a mockery of the March 31st meet-and-confer agreement and the related stipulation that the parties presented to the Court; and after unlawfully terminating Jodi Fonfa's own deposition; and after producing incomplete, inappropriate, and late written discovery responses to SCC – all within a few weeks' time – this Court might well expect that Jodi Fonfa and Mr. Jimmerson would be done.

29. If so, the Court would be wrong.

30. Instead, on March 14th, Ms. Fonfa and Mr. Jimmerson went for the "nuclear option" by filing a so-called "emergency" Motion to Stay, proposing to stay this action until the resolution (whenever that might be) of SCC's action against William Weidner, David Jacoby, and Andrew Fonfa (and now Andrew's probate estate) for their breaches of the guaranty they gave in order to obtain a $45 million loan for their Lucky Dragon Hotel and Casino Project.[4]

31. SCC will respond – in full detail – to that Motion to Stay on April 28th. For now, this Court need only contemplate three things: (1) The Motion to Stay is a desperate non-emergency effort to block SCC's investigation into the fraudulent transfers and fraudulent concealment and

---

[4] *SCC v. William Weidner, et al.*, Case No. 19-cv-595-APG-NJK (the "Guaranty Action").

1  related activities of the Fonfas; (2) that nothing in the Guaranty Action will determine whether Jodi and Evan Fonfa engaged in fraudulent transfers, fraudulent concealment, and non-probate transfers upon death; and (3) that Jodi Fonfa has tried this tactic before – in the probate court proceedings. There, she sought to wholly stay the probate proceedings – which focused on her legal and factual unfitness to serve as the Fonfa estate executrix – in favor of the Guaranty Action. Judge Sturman saw that effort for what it clearly was – which is the same as what the current Motion to Stay is – a blatant attempt to stop SCC's investigation into the actions of the Fonfas before and after the death of Andrew Fonfa.

### III.   CONCLUSION.

For all of the foregoing reasons, as well as those set forth in SCC's original Motion to Extend Scheduling Order Deadlines (ECF No. 52), this Court should grant SCC's Motion to Extend Deadlines in all respects, albeit with adjustments for the passage of time since that Motion to Extend was filed.

Dated:  April 27, 2023.

DIAMOND MCCARTHY, LLP

 */s/ James D. McCarthy*
James D. McCarthy (*pro hac vice*)
MaryAnn Joerres (*pro hac vice*)
David Reynolds (*pro hac vice*)
DIAMOND MCCARTHY, LLP
2711 N. Haskell Ave., Suite 3100
Dallas, TX 75204
Phone: (214) 389-5300
Emails: jmccarthy@diamondmccarthy.com
          mjoerres@diamondmccarthy.com
          dreynolds@diamondmccarthy.com

-- and –

Bob L. Olson (NV Bar No. 3783)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Emails: bolson@swlaw.com

*Attorneys for Plaintiff Snow Covered Capital LLC*

- 9 -

4888-6757-2576