# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Snow Covered Capital, LLC, | Case No. 2:22-cv-01181-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Jodi Fonfa, *et al.*, | |
| Defendants. | |

Before this Court is Defendant Jodi Fonfa's Motion for a Protective Order. ECF No. 104. Plaintiff opposed at ECF No. 106, and Jodi Fonfa replied at ECF No. 112. In addition, Plaintiff filed a Counter-motion to Compel and for Sanctions. ECF No. 107. Jodi Fonfa opposed at ECF No. 113, and Plaintiff replied at ECF No. 115.

This case involves the alleged fraudulent transfer of assets between Andrew Fonfa (deceased) and Defendants, which includes Jodi Fonfa. Jodi Fonfa was Andrew Fonfa's wife. Such transactions, according to Plaintiff, occurred shortly after it became clear that Andrew Fonfa would be liable to Plaintiff as the guarantor of a loan between Plaintiff and a third party. Specifically, as it relates to the instant motions, Plaintiff alleges that Andrew Fonfa fraudulently transferred assets to Jodi Fonfa. One such transfer is alleged to have occurred through a postnuptial agreement. Plaintiff brings this action under Nevada's Uniform Fraudulent Transfer Act.[1]

As relevant here, counsel for Jodi Fonfa terminated her deposition under Fed. R. Civ. P. 30(d)(3) when Plaintiff asked repeated questions deemed not relevant to the current action. Counsel for Jodi Fonfa did not file a motion under Fed. R. Civ. P. 30(d)(3). Instead, Plaintiff filed a Motion to Compel (ECF No. 69) on April 20, 2023. This Court denied the motion and gave

---

[1] The claims against Jodi Fonfa include violations of: Nev. Rev. Stat. §§ 112.180(1)(a), 112.180(1)(b)(1), 112.180(1)(b)(2), 112.190, and 111.700.

counsel for Jodi Fonfa the opportunity to file a Motion for a Protective Order that tracked the arguments that should have been made in a (timely) Fed. R. Civ. P. 30(d)(3) motion. This Court next turns to Jodi Fonfa's Motion for a Protective Order.

**I.      Motion for Protective Order**

The issue before this Court is whether Plaintiff should be allowed to ask Defendant Jodi Fonfa about her "current assets" during her deposition. As explained below, this Court denies Jodi Fonfa's motion and orders her continued deposition where questions relating to any alleged unlawful transfers (as alleged in the complaint) will be allowed.

Jodi Fonfa argues such questions are not relevant. She argues that the only allegation of fraudulent conveyance against her is the 2018 Postnuptial Agreement and that none of the claims against her entitle Plaintiff to any damages or to information surrounding her current assets. The essence of the argument is that Plaintiff is improperly seeking post-judgment discovery. This is especially so, she argues, given she has testified she still has the assets from the postnuptial agreement. Lastly, she relies on *Hetter v. Eighth Judicial Dist. Court of State In and For Cnty. Of Clark*, 874 P.2d 762 (Nev. 1994) for the proposition that the requesting party must demonstrate some factual basis regarding the need for the requested financial information before a Nevada court will grant the request.

Plaintiff argues Jodi Fonfa has failed to establish good cause for the issuance of a protective order. It explains the statutes comprising the claims against Jodi Fonfa allow for several remedies, such as avoidance, attachment, and receivership appointments. It further contends it seeks to unwind the transfers (known and unknown) to Jodi Fonfa and/or attach them. In turn, Plaintiff seeks information about the status, location, and ownership of these assets so that the court can fashion the appropriate equitable relief under Nev. Rev. Stat. § 112.210.[2] It further contends the questions are limited to those transfers, and not to any other aspects of her current personal finances. As to the *Hetter* case, Plaintiff argues the issue before the court is procedural (making state law inapplicable) and also distinguishes it on substantive grounds.

---

[2] This statute lists the rights of creditors when seeking relief for fraudulent transfers, and includes avoidance, attachment, injunction, and appointment of a receiver.

Jodi Fonfa's reply re-asserts many of the same arguments made in her moving papers.

**A.  Analysis**

A party may move for a protective order from discovery to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The Rules also mandate "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality" designed to "provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (discussing Fed. R. Civ. P. 26(b)(1)).

"District courts possess 'wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection.'" *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020)); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting broad discretion to permit or deny discovery). The party seeking a protective order bears the burden of persuasion. *E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006). That burden is met by demonstrating a particular need for protection supported by specific facts, as opposed to broad allegations of harm. *Swenson*, 336 F.R.D. at 208-09.

Jodi Fonfa has not shown good cause for the issuance of a protective order. Jodi Fonfa's position seems to be that the discovery sought is premature and that Plaintiff should be able to obtain such information only once (and if) it secures a judgment. But that is not what courts in this district (and others) have held.

In *Henry v. Rizzolo*, Magistrate Judge Foley came across the same issue and explained that plaintiffs alleging claims under the UFTA "may obtain certain UFTA remedies [such as avoidance] prior to obtaining a judgment on his claim against the debtor." *Henry v. Rizzolo*, 2009 WL 10692952 *4 (D. Nev. Feb. 3, 2009). He went on to state the following:

> Courts interpreting these provisions have held that the UFTA does not require a creditor to reduce a claim to judgment before seeking to void a debtor's allegedly fraudulent transfer of property. As the Arizona Supreme Court states in *Farris v. Advantage Capital Corporation*, 170 P.3d 250, 251 (Ariz. 2007), "[t]he UFTA allows the levy of execution

3

when a creditor has obtained a judgment, but does not require a judgment before a creditor may seek relief from an allegedly fraudulent transfer, including avoidance." In *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 193 (Fla. 2003), the Florida Supreme Court held that discovery on a UFTA claim should not be automatically stayed until a claimant obtains a judgment on his substantive claim against the debtor. The court noted that if a plaintiff was precluded from conducting discovery or prosecuting his UFTA claim prior to obtaining a judgment, "the goal of protecting creditors from wrongful asset transfers would likely be nearly entirely frustrated." *Id.* at 193.

*Id.*[3] The dispute in this case involves both known and unknown transfers into Jodi Fonfa's account(s). Thus, questions that relate to the alleged fraudulent transfers from Andrew Fonfa to Jodi Fonfa are relevant, even if these questions delve into the location and status of those assets. The information sought is not only relevant to Plaintiff's ability to request the appropriate equitable remedy; it is relevant to its ability to trace the transfers in question. In turn, it follows that such questions are proportional to the needs of the case—indeed, that is what this case is all about.[4]

As to *Hetter*, this Court agrees with and adopts Plaintiff's arguments for its rationale that the case is not binding and not persuasive (given the allegations have shown some factual basis for the need of the requested financial information).

In sum, Jodi Fonfa has not met her burden of showing how answers to those questions would result in "annoyance, embarrassment, oppression, or undue burden or expense."

As a result, her motion is denied. It is further ordered that:[5]

- Ms. Fonfa's deposition shall be reconvened at a location upon which the parties may agree.

- The date of the reconvened deposition should be a mutually convenient date for the

---

[3] Another such case is *GW Grundbesitz AG v. Gunn,* where J. Silva affirmed the Magistrate Judge's denial of Defendant's Motion for a Protective Order in a case involving the same claims as those here by finding that the bank records that had been subpoenaed by plaintiff were relevant given they related to the fraudulent transfer of money. *GW Grundbesitz AG v. Gunn*, 2023 WL 4546437 *3 (D. Nev. July 14, 2023); *see also Russo v. Lopez*, 2012 WL 2576208 *3-4 (D. Nev. July 3, 2012).

[4] The questions at issue referred to whether Jodi Fonfa still had her interest in 200 W. Sahara, Unit 4001 and accounts at First Foundation Bank and UBS Investment Account. These assets are listed in Exhibit 2 of the Postnuptial Agreement (ECF No. 31-2).

[5] While Plaintiff requests additional directives from this Court, this Court cabins its order to the issues present before it.

parties, provided that, unless Plaintiff elects otherwise, that date shall be set after Plaintiff has received any documents and privilege log counsel for Jodi Fonfa has agreed to produce; and, provided that, Plaintiff has received such other documents allowed to be produced to Plaintiff as determined by the pending rulings on the motions for protective order.

- At her reconvened deposition, Ms. Fonfa shall be ordered to completely and candidly answer all questions asked of her regarding the status, condition, and location of any assets consistent with this Order.

- Ms. Fonfa's counsel shall not instruct her to refuse to answer any questions based on relevance objections. As to those, he may object, and the examination will proceed subject to that objection.

- The recommenced deposition may encompass a full seven hours.

**II.     Counter-motion to Compel and for Sanctions**

Plaintiff's Counter-motion seeks sanctions under Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 30(d)(3). The other requests are rendered moot by this Court's prior order (denying Jodi Fonfa's motion for protective order and setting forth the parameters for the ensuing deposition of Jodi Fonfa). Jodi Fonfa has not offered much of an argument as it relates to the propriety or impropriety of sanctions.

Fed. R. Civ. P. 37(a)(5) provides that it must order the award of expenses, including attorney fees, in connection with a denied motion for protective order unless the conduct was substantially justified or other circumstances make the award of expenses unjust. Fed. R. Civ. P. 26(c)(3).[6] This Court finds that the conduct here was not substantially justified and that no other circumstances make an award of expenses unjust. As a result, this Court will award Plaintiff the reasonable expenses incurred in preparing and drafting ECF No. 106, including attorney fees. The parties are instructed to meet and confer within 10 days of this Order regarding the reasonable amount due to Plaintiff, which shall be payable within 60 days of this Order. No other sanctions will be imposed.

---

[6] While sanctions may also be applicable under Fed. R. Civ. P. 30(d)(2), this Court need not analyze the imposition of sanctions in that context given it will do so under Fed. R. Civ. P. 26(c)(3).

### III. Conclusion

**IT IS THEREFORE ORDERED** that Jodi Fonfa's Motion for Protective Order (at ECF No. 104) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Counter-motion to Compel and for Sanctions (at ECF No. 107) is GRANTED as stated in this Order.

DATED: August 11, 2023

Brenda Weksler
United States Magistrate Judge