UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC, | Case No. 2:22-cv-01181-CDS-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| JODI FONFA, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. ECF No. 133. Defendants responded (ECF Nos. 136, 138), and Plaintiff replied. ECF No. 143.

Because Defendants failed to carry their burden of showing that Plaintiff unduly delayed, that Defendants would be unduly prejudiced, or that amendment would be futile, the Court grants Plaintiff's motion. The Court also denies Defendant Evan Fonfa's request to strike portions of the second amended complaint because he failed to establish that such allegations had no possible bearing on the case.

**I.     BACKGROUND**

This case centers around allegedly fraudulent transfers made by Andrew Fonfa following the closing of his business venture, the Lucky Dragon Hotel & Casino. *See generally* ECF No. 31. Following a period of extensive discovery, Plaintiff now seeks to amend its complaint for a second time to add five additional Defendants—ABF Inc., HEJ Holdings, HEJ Administrative Trust, JEH Trust, and Fonfa Family 2011 Trust—whom Plaintiff claims it uncovered throughout the course of discovery. ECF No. 133 at 2. In addition to adding the new Defendants, Plaintiff seeks to bring four additional causes of action against them. *See* ECF No. 134 at 152–57. Defendants Evan Fonfa and Jodi Fonfa oppose Plaintiff's request for amendment, arguing that Plaintiff unduly delayed in seeking leave to amend, that Defendants would be unduly prejudiced, that amendment would be futile, and, alternatively, that duplicative portions of the second amended complaint should be stricken. *See generally* ECF Nos. 136, 138.

## II. ANALYSIS

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent *or* the court's leave." FED. R. CIV. P. 15(a)(2) (emphasis added).[1] "The court should freely give leave when justice so requires." *Id.* "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

"The court considers five factors [under Rule 15][2] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Specifically, "delay alone[,] no matter how lengthy[,] is an insufficient ground for denial of leave to amend." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."). To deny a motion to amend based on delay, bad faith or prejudice must also exist. *Webb*, 655 F.2d at 980.

Here, as explained below, Defendants did not meet their burden to show that amendment

---

[1] Defendant Evan Fonfa contends that Plaintiff did not timely request leave of the parties. ECF No. 138 at 3. But Rule 15(a)(2) states that a party may amend through obtaining the opposing party's consent *or* the Court's leave. Plaintiff was not required to do both.

[2] Defendant Jodi Fonfa argues that Plaintiff did not meet the December 1, 2023, deadline for seeking leave to amend, so Plaintiff's motion should be analyzed under the two-pronged approach of determining whether there was good cause under Federal Rule of Civil Procedure 16(b) and excusable neglect under Local Rule 26(4)(a), and then moving on to the Rule 15(a) analysis. ECF No. 138 at 3. Because the Court already found that Plaintiff demonstrated excusable neglect and retroactively extended the deadline, ECF No. 145, it employs the Rule 15(a) analysis.

should be denied.

**A. Undue Delay**

First, Defendants contend that Plaintiff unduly delayed—or was not diligent—in seeking leave to amend because it learned of the information in its allegations "well before" filing its motion and it "did not tell the Court" when it learned of the new Defendants. ECF No. 136 at 3–4; ECF No. 138 at 5. Plaintiff responds that it learned of the new information and Defendants through diligently pursuing discovery, and that any delay in uncovering such information can be attributed to discovery disputes between the parties. ECF No. 143 at 4.

In evaluating whether a motion to amend is timely, courts must consider more than whether amendment is sought before the deadline to amend pleadings. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Courts must also ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* (internal quotations and citations omitted); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend *may* be denied." *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (emphasis added).

Leave to amend should not be denied, however, if the movant offers a satisfactory reason for waiting to amend. One reason the Ninth Circuit has found to be satisfactory is when a movant waits to amend until it has sufficient evidence upon which to base new claims. *DCD Programs*, 833 F.2d at 187 ("[A]ppellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, *i.e.*, they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct."); *see also Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) (allowing amendment to add TCPA claims based on information obtained in discovery and noting that, "[a]lleging new claims

3

based on new information does not cause undue delay, even if some of the facts underlying the new claims were available to [Plaintiff] when she filed her initial complaint.").

Here, Plaintiff submits that during discovery, it uncovered previously unknown information and numerous trusts that it believes to be involved with Andrew Fonfa's alleged fraudulent transfers. ECF No. 133 at 2, 4. Though Defendants contend that Plaintiff's new allegations have either been "previously alleged in motion practice or discovered well before" the second amended complaint was filed, ECF No. 136 at 4, Plaintiff sought leave by the deadline provided in the operative scheduling order and provided a reason for waiting to amend. *See generally* ECF No. 133. Plaintiff waited until it obtained sufficient evidence to bring its claims against the trusts, and thus did not unduly delay in seeking its leave. *DCD Programs*, 833 F.2d at 187.

Regardless, as discussed below, even if the Court found that Plaintiff delayed in bringing its new claims, the Court does not find that Defendants will be prejudiced by amendment (and no one argues that Plaintiff acted in bad faith). As such, it would be improper to deny leave to amend. *See Webb*, 655 F.2d at 980 (delay alone is insufficient to deny a motion to dismiss; prejudice or bad faith must also exist).

**B.  Undue Prejudice**

Next, Defendants argue that they will be prejudiced because they may have to engage in additional discovery on Plaintiff's new claims, and reopening discovery could be costly. ECF No. 136 at 4; ECF No. 138 at 6. But the Ninth Circuit has found that when amendment is sought during discovery, and no trial date has been set, the timing of amendment does not cause undue prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187–88; *see also Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) ("The need for additional discovery alone does not establish undue prejudice."). Here, when Plaintiff sought leave to amend, nearly three months remained in discovery. *See* ECF No. 128 (order extending discovery deadlines); ECF No. 133 (motion to amend). Plaintiff met the deadline to seek leave to amend. *See* ECF Nos. 128, 145. No trial date was (or is) set. Further, Plaintiff argues that its additional allegations "do not add time for discovery or add the need for additional discovery." ECF

4

No. 133 at 6. Defendant Evan Fonfa also acknowledges that Plaintiff's new claims arise out of the same interactions between the parties as Plaintiff's original claims. ECF No. 136 at 6. Defendants therefore will not be prejudiced by having to engage in limited additional discovery (if any) on Plaintiff's new claims. *See DCD Programs, Ltd.*, 833 F.2d at 187–88.

Regarding costs, the Ninth Circuit held that in the absence of bad faith, "litigation expenses incurred before a motion to amend is filed do not establish prejudice." *United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1184 (9th Cir. 2016). Here, Defendants have not alleged, let alone proven, that Plaintiff acted in bad faith in filing its motion to amend. As such, the Court does not find that Defendants are prejudiced.

**C.  Futility**

Finally, Defendant Jodi Fonfa asserts that amendment would be futile because Plaintiff did not allege that any of the new Defendants were "insiders" of Andrew Fonfa. ECF No. 138 at 7. According to Jodi Fonfa, there are "no facts" that Plaintiff could allege to support an allegation that any of the five new Defendants were insiders. *Id.* Plaintiff responds that not only does the statute not require Defendants to be insiders of Andrew Fonfa, but that the facts will likely demonstrate that the new Defendants were, in fact, insiders. ECF No. 143 at 5–10.

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015).

Here, Defendant Jodi Fonfa failed to provide any authority—aside from quoting definitions from the statute, devoid of context—to support the proposition that the new Defendants *must* be insiders under Nevada's Uniform Fraudulent Transfers Act ("UFTA"). *See* ECF No. 138 at 7.

5

1 Yet, courts have recognized that "it is not necessary to prove that a transferee is an insider in
2 order to prove the transferee's knowledge of the transferor's fraudulent intent." *Essex Crane*
3 *Rental Corp. v. Carter*, 371 S.W.3d 366, 378 (Tex. App. 2012).[3] Moreover, a plain reading of
4 Nevada's UFTA also demonstrates that a transfer to an "insider" is a "badge of fraud," *i.e.*, a
5 "factor[] that the district court may consider in determining a debtor's actual intent." *Herup v.*
6 *First Bos. Fin., LLC*, 162 P.3d 870, 873 (Nev. 2007). It does not appear that being an insider is a
7 prerequisite to maintain a claim under the UFTA. Thus, Jodi Fonfa failed to meet her burden of
8 showing that there are no set of facts that would constitute a valid and sufficient claim. *Allen v.*
9 *City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990).

Because Defendants failed to establish undue delay, undue prejudice, or futility, the Court grants Plaintiff's motion to amend.

**D.  Duplicity**

Alternatively, Defendant Evan Fonfa asks the Court to strike what he claims to be duplicative portions of Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(f). ECF No. 136 at 6. According to Evan Fonfa, the second amended complaint is superfluous and redundant because a majority of the allegations "have already been addressed in extensive discovery" by the parties. *Id.* at 7. However, under Rule 12(f), a matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Here, the new allegations *do* have a bearing on the subject matter of the litigation because they link additional trusts and other actors alleged to be involved in the existing Defendants' fraudulent transfers and tie the events of the prior complaints to the new entities. ECF No. 133 at 6. It also is immaterial whether these allegations may have already been addressed in discovery, as an amended complaint must be "complete in and of itself" without reference to prior

---

[3] Though the Nevada Supreme Court has not explicitly ruled on this issue, the court has recognized that it was the Nevada "Legislature's intent that [courts] interpret the UFTA in Nevada to conform to other states' interpretations of their respective versions of the UFTA." *Herup v. First Bos. Fin., LLC*, 123 Nev. 228, 237, 162 P.3d 870, 876 (2007).

pleadings. LR 15-1(a). Evan Fonfa's request to strike portions of the second amended complaint is therefore denied.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 133) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Evan Fonfa's request for portions of the second amended complaint to be stricken (ECF No. 136) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file Plaintiff's Second Amended Complaint (ECF No. 134, Exhibit 1).

DATED this 30th day of January 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE