UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Snow Covered Capital, LLC, | Case No. 2:22-cv-01181-CDS-DNW |
| Plaintiff | **Order Denying Defendant Jodi Fonfa's Appeal of the Magistrate Judge's Order Denying Her Motion for a Protective Order and Granting Plaintiff's Countermotion to Compel and For Sanctions** |
| v. | |
| Jodi Fonfa, et al., | |
| Defendants | [ECF No. 121] |

Defendant Jodi Fonfa objects[1] (ECF No. 121) to Magistrate Judge Brenda Weksler's order (ECF No. 116) denying her motion for a protective order (ECF No. 104) and granting the plaintiff Snow Covered Capital, LLC's (SCC) countermotion to compel (ECF No. 107), which included a request for sanctions. In sum, Jodi[2] argues that Judge Weksler's order denying her motion for a protective order was clearly erroneous because: (1) the decision failed to consider that she had already answered questions regarding whether or not she controlled certain assets (the "Assets") relevant to this litigation; (2) the determination that the location and status of those assets was relevant is incorrect; and (3) disclosure of such personal, financial information (about the Assets) should be subject to a protective order. *See generally* Obj., ECF No. 121. Jodi also argues that granting SCC's motion for sanctions was contrary to the law because Jodi's actions in not answering additional questions regarding the location and status of the Assets were substantially justified. *Id.* SCC filed a response to the objections, arguing they should be rejected in full because the order properly denied Jodi's request for a protective order and properly granted its countermotion to compel Jodi to complete her deposition and answer questions

---

[1] Fonfa objects to an order resolving non-dispositive pretrial motions, not a report and recommendation (R&R). *See* Order, ECF No. 116. There is a distinction between orders and R&Rs: magistrate judges' orders are subject to a lower, clearly erroneous or contrary to the law standard of review, whereas R&Rs are subject to de novo review. *Compare* LR IB 3-1(a) with LR IB 3-2(b). I thus apply the appropriate standard of review in resolving Fonfa's objections.

[2] I refer to defendant has "Jodi" throughout this order because there is a second Fonfa defendant (Evan) who is not a party to the pending objections.

regarding the Assets. *See generally* Resp., ECF No. 129. SCC also argues that Judge Weksler properly granted their request for sanctions, and Jodi's argument to the contrary is unsupported by applicable points and authorities. *Id.* at 11–13. For the reasons set forth herein, Jodi's objections are overruled. Judge Weksler's order denying Jodi's motion for a protective order and granting SCC's countermotion to compel and request for sanctions is affirmed in full.

I.      **Legal Standard**

Where, as here, a magistrate judge issues a pre-trial order regarding a non-dispositive matter, any party may seek review by filing specific objections to the order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Rule (LR) IB 3-1. The district judge in the case must consider timely filed objections, but the court cannot modify or set aside any part of the order unless it is "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a); *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1041 n.4 (9th Cir. 2010). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). A magistrate judge's order is "contrary to law" if the order applies the incorrect legal stand or misapplies applicable law. *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008); *see also UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure.").

II.     **Discussion**

Jodi's objections are overruled because she fails to demonstrate that the magistrate judge's order is clearly erroneous or contrary to the law. The court first addresses Jodi's objections to the order denying her motion for a protective order and granting SCC's countermotion to compel, and then addresses the award of sanctions against Jodi.

**A.  The order denying Jodi's motion for a protective order is neither clearly erroneous nor contrary to the law.**

Federal Rule of Civil Procedure 26(c) "confer[s] 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Jodi argues that Judge Weksler's order denying her motion for a protective order and granting SCC's countermotion to compel was clearly erroneous because she "failed to consider that [she] already answered that she still controls the assets forming the basis of SCC's claims." ECF No. 121 at 3. But this is belied by the order specifically addressing this argument. Indeed, Judge Weksler rejected this same argument raised by Jodi in her motion to compel,[3] writing "[t]he essence of [Jodi's] argument is that [SCC] is improperly seeking post-judgment discovery. That is especially so, she argues, given she has testified she still has the assets from the postnuptial agreement." Order, ECF No. 116 at 2. But Jodi misses the point. As explained by Judge Weksler

> "[Q]uestions that relate to the alleged fraudulent transfers from Andrew Fonfa to Jodi Fonfa are relevant, even if these questions delve into the location and status of those assets. The information sought is not only relevant to Plaintiff's ability to request the appropriate equitable remedy; it is relevant to its ability to trace the transfers in question. In turn, it follows that such questions are proportional to the needs of the case—indeed, that is **what this case is all about.**"

*Id.* at 4 (emphasis added).

Jodi further argues that the SCC's interest in obtaining more information about the Assets is "premature" and therefore the order requiring that Jodi answer questions regarding the Assets was contrary to the law. ECF No. 121 at 8–9. While not stated as "premature" in her motion for a protective order, Jodi advanced similar arguments therein, writing that "even if SCC were to succeed on one or more of its claims, that does not entitle SCC to discovery into

---

[3] *Compare* Mot. for a Protective Order, ECF No. 104 at 7 (citing *Hetter v. Eighth Judicial Dist. Court of State of and for Cnty. of Clark*, 110 Nev. 513 (1994) to argue that Nevada does not allow discovery of personal financial information of a party without the requesting party to first demonstrate a factual basis for needing that information) *with* Obj., ECF No. 121 at 9 (same).

her current assets as addressed in the Deposition Questions." Mot., ECF No. 104 at 8. But Jodi

fails to cite binding or even persuasive points and authorities in support of her argument.

Instead, she again relies upon *Hetter v. Eighth Judicial District Court*[4] and *Fosbre v. Las Vegas Sands

Corp.*[5] As noted by Judge Weksler, Jodi's reliance on the *Hetter* case is misplaced. That case

addresses limitations on discovering tax information and discusses when a party can obtain

discovery as it relates to punitive damages. But Jodi's taxes (or an attempt to discover them) and

punitive damages are not at issue here: SCC is seeking discovery relating to the transfer of the

Assets. As for the *Fosbre* decision, it is actually contrary to Jodi's argument. There, the court held

that a party's financial condition can be obtained through discovery if it is relevant to a claim or

defense. 2016 WL 54202, at *4; *see also* Fed. R. Civ. P. 26(b)(1) (The "scope of discovery"

encompasses "any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case[.]"). Indeed, courts consistently reach this conclusion. *See

Dinkins v. Schinzel*, 2018 WL 456876, at *2 (D. Nev. Jan. 17, 2018) (collecting cases reaching same

conclusion).

This action alleges defendants were "insiders" connected to the alleged fraudulent

transfers of the Assets. *See generally* Second Am. Comp., ECF No. 147. "The Uniform Fraudulent

Transfers Act (UFTA)... 'is designed to prevent a debtor from defrauding creditors by placing the

subject property beyond the creditors' reach.'" *Donell for J.T. Wallenbrock & Assocs. V. Braun*, 2010

WL 11635980, at *2 (D. Nev. Apr. 6, 2010) (quoting *Herup v. First Bos. Fin., LLC*, 162 P.3d 870, 872

(Nev. 2007)). Under the UFTA, "[a] transfer made or obligation incurred by a debtor is

fraudulent as to a creditor, whether the creditor's claim arose **before or after** the transfer was

made or the obligation incurred, if the debtor made the transfer or incurred the obligation . . .

[w]ith actual intent to hinder, delay[,] or defraud any creditor of the debtor[.]" Nev. Rev. Stat. §

112.180(1) (emphasis added). While it is helpful to know that Jodi still controls the Assets in

---

[4] 874 P.2d 762 (1994).
[5] 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016).

question, SCC is entitled to know what happened to the Assets both **before and after** the alleged fraudulent transfers as part of its claims.

I find that Judge Weksler properly utilized her broad discretion in denying Jodi's motion for a protective order and in granting SCC's countermotion to compel. Jodi's objections fail to cite new, binding, or even persuasive authority to support an argument that Judge Weksler's order was clearly erroneous or contrary to the law. Consequently, her objections are overruled, and the order denying Jodi's motion for protective order and granting SCC's countermotion to compel is affirmed.

**B.   The magistrate judge's order granting SCC's motion for sanctions is sound and is affirmed.**

The court has broad discretion as to whether and what type of sanctions should be awarded under Rule 37. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). The court may decline to award sanctions when the conduct at issue was either "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "Before awarding sanctions under its inherent powers, ... the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting, in part, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). A party exhibits bad faith "by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* at 649. This is a high threshold, meaning "mere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

Further, under Rule 37(b), when addressing a motion for sanctions, the opposing party (the party to be sanctioned) carries the burden of demonstrating the existence of mitigating factors. *See Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) (citing *David v. Hooker, Ltd.*, 560 F.2d 412, 419 (9th Cir. 1977)). An otherwise sanctionable action could be "substantially justified" if "reasonable people could differ" over the appropriateness of the conduct. *See Reygo Pac. Corp. v.*

*Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (noting the "substantially justified" standard in Rule 37 does not mean "justified to a high degree of certainty" but rather "satisfied if there is a 'genuine dispute'" about the propriety of the conduct at issue).

Jodi fails to meet her burden showing the existence of mitigating factors. She argues that she was substantially justified in refusing to answer questions about the Assets based on the *Hetter* decision. But as addressed above, that case is inapposite. Moreover, Jodi provides no explanation or anything else explaining her decision to walk out of the deposition, instead of lodging an appropriate objection and allowing the deposition to continue as required by Rule 30. Fed. R. Civ. P. 30(c)(2) (instructing a party believing a question is improper to lodge the objection "on the record, but the examination still proceeds; the testimony is taken subject to any objection."). The only time counsel may instruct a deponent not to answer the question is "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). *See* Fed. R. Civ. P. 30(c)(2); *see also Nathalie Thuy Van v. Steakhouses*, 2018 U.S. Dist. Lexis 243951 (N.D. Cal., Sept. 26, 2018) (declining to impose sanctions where deponent was instructed not to answer questions based on assertion of attorney-client privilege). None of those exceptions apply here, yet counsel and Jodi walked out of the deposition and refused to answer any more questions. Jodi fails to cite or advance any other points and authorities demonstrating that her behavior was justified, much less that Judge Weksler's order granting sanctions was either contrary to the law or clearly erroneous. Accordingly, Judge Weksler's award of expenses, including attorney's fees, was sound and Jodi's objection thereto is overruled.

III.      Conclusion

IT IS THEREFORE ORDERED that Jodi Fonfa's objections to Judge Weksler's order [ECF No. 121] are OVERRULED.

IT IS FURTHER ORDERED that Judge Weksler's August 11, 2023 order **[ECF No. 116] is AFFIRMED and ADOPTED in its entirety**. Jodi Fonfa must comply with all the requirements set forth in the order.

Dated: June 26, 2024

_____
Cristina D. Silva
United States District Judge