**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Snow Covered Capital, LLC, | Case No. 2:22-cv-1181-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Jodi Fonfa et al., | |
| Defendants. | |

Before the Court is Defendant Evan Fonfa's Motion for a Protective Order. ECF No. 55. Plaintiff opposed. ECF No. 85. Defendant Evan replied. ECF No. 89. In addition, Defendant filed a supplemental brief, as authorized by this Court. ECF No. 98. Plaintiff opposed. ECF No. 99. Defendant replied. ECF No. 101. As discussed below, this Court grants in part and denies in part Defendant's motion.

### I.    Background

This case is based on Plaintiff's allegations that Andrew Fonfa (now deceased) transferred property to Jodi Fonfa (wife), as well as Evan and Haley Fonfa (children) in an effort to avoid paying a debt for which he was a co-guarantor.

At issue in this motion are Plaintiff's subpoenas to the following nonparties: (a) John Dawson, Esq., (b) Dawson & Lordahl, PLLC, (c) Steven Pacitti, Esq., and (d) Morris Estate Planning Attorneys. These subpoenas contain nineteen identical requests. Despite the voluminous briefing, the two issues before the Court are (1) whether certain requests should be quashed or modified pursuant to Federal Rule of Civil Procedure 45 on the basis that they are protected by the attorney-client privilege, and (2) whether a protective order should issue pursuant to Federal Rule of Civil Procedure 26(c) as to certain requests on the grounds that they are not relevant.

There is an overlap regarding the requests as to which Defendant claims protection under Rule 45 and Rule 26. As a result, the Court begins by determining whether Defendant has grounds to modify the subpoena on privilege grounds. The Court finds that Defendant can move

1    to modify the requests under Rule 45 and will, at this juncture, treat these requests as privileged.

2    Next, the Court evaluates whether a protective order should be issued on the grounds that that

3    they are not relevant. The Court finds most of the requests are relevant and will order those not

4    covered by the privilege produced.

5           The parties are familiar with the arguments. As a result, the Court does not repeat them

6    here. Instead, it will incorporate them, as relevant, to the order.

7    **II.    Legal Framework**

8           Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. "Parties

9    may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

10   defense and proportional to the needs of the case." *Id*. The court may limit discovery if it is

11   "unreasonably cumulative or duplicative, or can be obtained from some other source that is more

12   convenient, less burdensome, or less expensive . . . [or] the proposed discovery is outside the

13   scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C)(i-iii). Further, a court may limit discovery

14   via Rule 26(c), which permits the court to issue a protective order to protect a party or person

15   from annoyance, embarrassment, oppression, or undue burden or expense when the party

16   establishes good cause. When the discovery at issue is a subpoena on a nonparty, Rule 45

17   governs. "It is well established that the scope of discovery under a subpoena issued pursuant to

18   Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint*

19   *Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev.

20   Sept. 29, 2011).

21          "[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena

22   issued to a nonparty unless the party claims a personal right or privilege with respect to the

23   documents requested in the subpoena." *Compare G.K. Las Vegas Ltd. Partnership v. Simon*

24   *Property Group, Inc*., 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007) (cleaned up), *with In re*

25   *Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the

26   "personal right or privilege" standing rule for motion to quash subpoenas). "A party's objection

27   that the subpoena issued to the nonparty seeks irrelevant information or imposes an undue burden

28   on the nonparty are not grounds on which a party has standing to move to quash a subpoena

issued to a nonparty, especially where the nonparty, itself, has not objected." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148, at *4 (cleaned up). A party can, however, move for a protective order under Rule 26(c) regarding subpoenas issued to nonparties which seek irrelevant information. *Id.*; Fed. R. Civ. P. 26(c)(1).

### III.    Defendant can seek to modify the subpoenas issued to nonparties under Rule 45

Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things. The court "must" quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed nonparty may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (cleaned up) (*citing Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)); *see also Peccia v. Dep't of Corr. & Rehab.*, No. 2:18-cv-3049 JAM AC, 2020 WL 2556751, at *1 (E.D. Cal. May 20, 2020) (*citing California Sportfishing*, 175 F.R.D. at 643); *Robertson v. Catholic Cmty. Servs. of W. Washington*, No. C19-1618 RSM, 2020 WL 1819842, at *5 (W.D. Wash. Apr. 10, 2020) (same). Thus, the Court agrees with Defendant that he has standing to move under Rule 45. In this same vein, it is irrelevant that the subpoena recipients have not claimed privilege, objected, or moved to quash the subpoena.

Here, Defendant requests that the Court modify requests Nos. 2-5, 10, 14, 16, 18, and 19 contained in the subpoenas issued to John Dawson and Dawson & Lordahl under Rule 45(d)(3)(A)(iii). Defendant explains he had an attorney-client relationship with John Dawson and his firm, Dawson & Lordahl. He explains that this privilege was asserted during the deposition and, since then, provided Plaintiff a privilege log. See ECF No. 101 Exhibit 3. In addition, he represents that the subpoenas request documents covered by the privilege. Thus, for purposes of this motion, the Court will accept that the documents in question are privileged. In turn, the documents responsive to requests Nos. 2-5, 10, 14, 16, 18, and 19 need not be produced.

Having said that, the Court is cognizant that the privilege log was not produced when promised and, given this, Plaintiff's response at ECF No. 99 would not contain specific arguments regarding the privilege log. Nothing in this order precludes Plaintiff from making any appropriate challenges regarding the privilege log. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005). Any such challenges are due within 21 days of this order.

### IV.  Defendant has not established good cause under Rule 26(c) to prevent production on relevance grounds as to the majority of the requests

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (granting plaintiff a protective order from discovery requested by defendant, which inquired into plaintiff's immigration status), *cert. denied*, 544 U.S. 905 (2005). Generalized statements of harm are not good enough. Rather, "[t]he party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *Father M v. Various Tort Claimants* (*In re Roman Catholic Archbishop of Portland in Oregon*), 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

Relevance is not expressly listed as one of the grounds for issuing a protective order. *See* Fed. R. Civ. P. 26(c)(1) (listing protection from "annoyance, embarrassment, oppression, or undue burden or expense"); *Blankenchip v. Citimortgage, Inc.*, No. 2:14-CV-2309 WBS AC, 2015 WL 5009079, at *2 (E.D. Cal. Aug. 20, 2015) ("Nothing in Rule 26(c)(1), by its own express terms, authorizes a court to issue a protective order seeking documents from a party on the grounds that the documents are not relevant."). However, there is case law opining that the requirement to produce entirely irrelevant documents or information is an "undue burden" on a party. *Blankenchip*, 2015 WL 5009079, at *2 (collecting cases and ultimately declining to determine "whether a protective order may be obtained solely on the basis of irrelevance"

1  because documents were plainly relevant); *see also G.K. Las Vegas Ltd. Partnership v. Simon*

2  *Property Group, Inc.*, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007).

3       Defendant's overarching argument is that discovery should be cabined to the Indian

4  Springs transfer. He explains that Plaintiff's amended complaint identified three sets of transfers:

5  (a) the Indian Springs sale, (b) "Other Transfers," and (c) "the Nonprobate Transfers." He argues

6  "the amended complaint . . . lacks any factual assertion identifying or describing any Other

7  Transfer of Nonprobate Transfer(s)." ECF No. 55 at 11. It follows, according to Defendants, that

8  "the only claim with which SCC is permitted to conduct discovery at this time concerns the

9  Indian Springs Sale." This is so, according to Defendant, because it is the only transfer that SCC

10  has pleaded with sufficient particularity under Rule 9(b) and/or will survive a Rule 12(b)(6)

11  challenge.[1] In short, Defendant argues that the information sought is not relevant.

12       The Court disagrees that discovery should be limited to Indian Springs based on the

13  arguments presented in Defendant's motion to dismiss. A pending motion to dismiss does not

14  automatically stay or limit discovery. The Court must determine relevancy based on the

15  allegations that are currently pleaded. The allegations, as Defendant concede, do include transfer

16  besides those related to Indian Springs.

17       As discussed below, the overwhelming majority of the requests are relevant. As a result,

18  they must be produced unless the Court has deemed the request privileged for purposes of this

19  order.

20       **Request No. 3**

21       As explained above, the Indian Springs transfer is not the only relevant transfer. In

22  addition, the Court agrees with Plaintiff that transfers made by Andrew Fonfa (personally or

23  though his different trusts or entities) to any of the Fonfas are relevant to the claims.

24  / / /

25

26      [1]  The Court notes that since this motion was filed, the Court allowed Plaintiff to file a second

27  amended complaint. ECF Nos. 146, 147. Nevertheless, Defendant Evan has filed a motion to dismiss the second amended complaint which, *inter alia*, makes the same argument noted above

28  regarding the sufficiency of that pleading. ECF No. 159 at 20–22.

Next is whether transfers *away* from the Fonfas are relevant. Defendant first develops this argument in his reply. As a result, the Court will not consider it. *See Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013).  Moreover, any transfer *away* from any of the Fonfas is relevant and consistent with this Court's prior order at ECF No. 116.

**Requests Nos. 4-5**

As to Request Nos. 4-5, these requests are not relevant on their face. Thus, they need not be produced.

**Requests Nos. 6-9**

The Court applies the same rationale outlined in Request No. 3 as to which transactions are relevant, and it will not consider arguments first made in Defendant's reply.

In addition, Defendant argues that the disclosure of this information would "inflict injury on Defendant's private affairs" and that Nevada law only authorizes the release of this information to current beneficiaries. But Defendant does not develop either argument in any detail. Instead, he cites Nevada statutes and one case (in a footnote). Of note, he does not discuss the interplay between these statutes and Rule 26 or court orders issued as a result of discovery requests. Moreover, a protective order between the parties should allay any privacy concerns.

Nevertheless, the relevancy of bylaws, minutes, resolutions, organizational charts, and corporate flow charts is not apparent on its face. *Krause v. Nevada Mut. Ins. Co*., No. 2:12-CV-00342-JCM, 2014 WL 496936 (D. Nev. Feb. 6, 2014), *aff'd*, No. 2:12-CV-342 JCM CWH, 2014 WL 3592655 (D. Nev. July 21, 2014) (explaining that when the relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the request). Plaintiff has not provided an explanation as to why these documents are relevant to the claims. Thus, these documents need not be produced.

**Request Nos. 10, 16, 18, and 19**

Generally, the Court applies the same rationale outlined in Request No. 3 as to which transactions are relevant, and it will not consider arguments first made in Defendant's reply. The court makes additional comments as to each request as follows.

Regarding Request No. 10, records that can establish the dissolution and distribution of assets that belonged to the Fonfas are relevant to the claims at hand as they would help identify/trace transfers of property.

Next, Request No. 16 is relevant as it requests information regarding the Fonfas' financial baseline which would also help identify/trace transfers of property.

As to Request No. 18, whether Evan and Haley made annual interest payments on the promissory notes is relevant to the adequacy of the transaction and several other elements under Nev. Rev. Stat. § 112. 180 (which may relate to Andrew Fonfa's intent).

**V.    Conclusion**

Defendant's motion at ECF No. 55 is GRANTED in part and DENIED in part consistent with this Order. Should Plaintiff wish to challenge the sufficiency of the log it must do so within 21 days of this order.


DATED: July 12, 2024


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE