**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Snow Covered Capital, LLC, | Case No. 2:22-cv-1181-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Jodi Fonfa et al., | |
| Defendants. | |

Defendant Jodi Fonfa moves the Court for a protective order. ECF No. 65. Plaintiff responded and filed a countermotion to compel. ECF No. 72. Defendant filed a reply in support of her motion and an opposition to Plaintiff's countermotion. ECF No. 77. Plaintiff filed a reply in support of its motion and an opposition to Defendant's countermotion. ECF No. 82.

Defendant moves the Court for a protective order as to subpoenas that were issued to (1) John Dawson, (2) Dawson & Lordahl, (3) Steven Pacitti, and (4) Morris Estate Planning Attorneys. In the alternative she seeks the Court to narrow the subpoenas. All subpoenas contain 19 identical requests.

Defendant argues that *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), applies, precluding the depositions of these attorneys. Moreover, she argues that the subpoenas are facially defective as they do not list the topics of the deposition under Rule 30(b)(6). She also argues the requests are not relevant and are overbroad. Lastly, she seeks sanctions under 28 U.S.C. § 1927.

Plaintiff's countermotion argues that the requests fall within Rule 26(b). In addition, it argues that Defendant has not demonstrated the requests are privileged. And in any event, to the extent they are privileged, Plaintiff argues Defendant waived the privilege by naming the subpoenaed attorneys as fact witnesses in the case or, in the alternative, that the crime-fraud exception applies. Lastly, Plaintiff requests fees for having to respond to Defendant's motion.

I.  **DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

    A.  *Shelton* does not apply

Defendant argues *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), applies here, prohibiting Plaintiff from deposing the subpoenaed attorneys.

The *Shelton* decision involved the deposition of a defendant's in-house counsel who had been specifically assigned to the underlying case. *Id*. at 1325. There, the Eighth Circuit held that while "opposing trial counsel" is not "absolutely immune from being deposed"—a court should permit counsel's deposition only in those limited circumstances where the party seeking the deposition has shown that: "(1) no other means exist to obtain the information than to depose opposing counsel[;]" "(2) the information sought is relevant and nonprivileged;" and "(3) the information is crucial to the preparation of the case." *Id*. "[C]ourts in this district and elsewhere in the Ninth Circuit recognize *Shelton* as the leading case on attorney depositions and follow the three-factor test laid out in the case." *Stevens v. CoreLogic, Inc*., No. 14cv1158 BAS (JLB), 2015 WL 8492501, at *2 (S.D. Cal. Dec. 10, 2015); *see Insogna v. Hetero Labs Ltd*., No. 3:19-cv-1589-LAB-AHG, 2020 WL 85487 (S.D. Cal. Jan. 3, 2020) (collecting cases).

Plaintiff argues *Shelton* does not apply when the proposed deponent is *not* trial or litigation counsel in the *underlying* case. Defendant does not address this issue in her response/reply. As a result, she conceded the argument under LR 7-2(d). Moreover, several courts have found that *Shelton* does not apply when the subpoenaed counsel simply represented the client in the concluded case. *See, e.g.*, *In re Insogna*, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487 (S.D. Cal. Jan. 3, 2020); *EpicentRx, Inc. v. Carter*, No. 20CV1058-TWR-LL, 2020 WL 6158939 (S.D. Cal. Oct. 20, 2020); *De Alba v. Velocity Invs., LLC*, No. 21-CV-547-AJB-WVG, 2022 WL 3327382 (S.D. Cal. Aug. 10, 2022).

    **B.  The Court will order the entity subpoenas to list the deposition topics**

A corporation cannot be deposed per se; as a result, the Rules provide a mechanism under Rule 30(b)(6) for testimony to be taken from a person answering questions on behalf of the entity. *See Hooker v. Norfolk S. Ry. Co*., 204 F.R.D. 124, 125 (S.D. Ind. 2001). Rule 30(b)(6) permits a party to notice the deposition of a corporation or other legal entity without specifically naming the

individual to be deposed. Instead, the noticing party "may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and *must describe* with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). The entity is obligated to produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics and facts known to it or its counsel. *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003).

  As an initial matter, the subpoenas to John Dawson and Steven Pacitti are not affected by Defendant's argument. The argument simply applies to the two entities that were subpoenaed—Dawson & Lordhal and Morris Estate Planning. First, it seems unlikely that the two entities would designate anyone other than the two subpoenaed attorneys for purposes of the deposition. Thus, this argument appears to be academic in nature given the two attorneys would be responding to the same questions—whether in their individual capacities (as to which 30(b)(6) topics are not needed) or in their representative capacities.

  Plaintiff's subpoena does not comply with Rule 30(b)(6) as it does not enumerate the topics that each designee must be prepared to answer. But here, the subpoena recipients did not object to the lack of 30(b)(6) topics. And a party can move for a protective order in regard to a subpoena issued to a nonparty if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issues to nonparties which seek irrelevant information. *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, Case No. 2:04-cv-1199-DAE-GWF, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007). Defendant does not explain how Rule 26(c) allows her to request a protective order based on the lack of 30(b)(6) topics listed in a subpoena to a nonparty, especially given the subpoena recipients did not object.

  Nevertheless, as Plaintiff concedes, absent a list of topics, the deponent has no obligation to prepare and may simply provide an "I don't know answer." Thus, should Plaintiff wish to

1  depose the two entities, it should provide a list of topics in compliance with Rule 30(b)(6). This
2  comports with Rule 1 and will ensure the deponents are prepared to answer questions.

### C. Except as indicated, the requests are relevant and proportional to the needs of the case

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (granting plaintiff a protective order from discovery requested by defendant, which inquired into plaintiff's immigration status), *cert. denied*, 544 U.S. 905 (2005). Generalized statements of harm are not good enough. Rather, "[t]he party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *Father M v. Various Tort Claimants* (*In re Roman Catholic Archbishop of Portland in Oregon*), 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

A party may move for a protective under Rule 26(c) regarding subpoenas issued to nonparties which seek irrelevant information. Fed. R. Civ. P. 26(c)(1); *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 2:04-CV-01199-DAE, 2007 WL 119148 (D. Nev. Jan. 9, 2007). Relevance is not expressly listed as one of the grounds for issuing a protective order. *See* Fed. R. Civ. P. 26(c)(1) (listing protection from "annoyance, embarrassment, oppression, or undue burden or expense"); *Blankenchip v. Citimortgage, Inc.*, No. 2:14-CV-2309 WBS AC, 2015 WL 5009079, at *2 (E.D. Cal. Aug. 20, 2015) ("Nothing in Rule 26(c)(1), by its own express terms, authorizes a court to issue a protective order seeking documents from a party on the grounds that the documents are not relevant."). However, there is case law opining that the requirement to produce entirely irrelevant documents or information is an "undue burden" on a party. *Blankenchip*, 2015 WL 5009079, at *2 (collecting cases and ultimately declining to determine "whether a protective order may be obtained solely on the basis of irrelevance" because documents were plainly relevant); *see also G.K. Las Vegas Ltd.*, 2007 WL 119148, at *4.

When a request is not relevant on its face, it is the burden of the party seeking discovery to show its relevancy. *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-CV-00342-JCM, 2014 WL 496936 (D. Nev. Feb. 6, 2014), *aff'd*, No. 2:12-CV-342 JCM CWH, 2014 WL 3592655 (D. Nev. July 21, 2014).

Defendant's main argument, much like the Defendant's argument at ECF No. 55, is premised on the notion that the amended complaint lists specific transfers and that the requests at issue include transfers not listed in the amended complaint. Thus, she argues the requests are not relevant or proportional and that they are overbroad. But the amended complaint also includes allegations of other transactions to account for the difference between the net worth Andrew Fonfa represented he had as a co-guarantor and the net worth disclosed as part of the estate. In addition, this finding is consistent with this Court's prior order at ECF No. 116 at 4 (finding information that delved into the location and status of assets relevant to trace transfers in question). Thus, the Court disagrees that the discovery should be limited to the specific transactions named by Defendant. In turn, except for the requests that will be discussed below, Defendant has not met her burden to show that a protective order should be issued under Rule 26(c) nor has she demonstrated that the "inquiry into a party's financial condition is of only marginal relevance."

Requests Nos. 4, 5, and 17 are not relevant on their face and Plaintiff does not explain how they relate to the instant claims. *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-CV-00342-JCM, 2014 WL 496936 (D. Nev. Feb. 6, 2014). The same goes for the portions of requests Nos. 6-9 that deal with bylaws, minutes, resolutions, organizational charts, and corporate flow charts. Lastly, Plaintiff should limit the requests in accordance with the applicable timeline in the second amended complaint. The rest of the requests are relevant, as more fully explained in the order to ECF No. 55.

### D. Sanctions are not appropriate

Under 28 U.S.C. § 1927, the Court has discretion to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." The Court does not agree that Plaintiff has engaged in this type of conduct. As a result, the request is denied.

## II. PLAINTIFF'S MOTION TO COMPEL

### A. Whether Defendant has demonstrated that the requests are privileged

A party claiming that a document is privileged or protected from disclosure must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (explaining that a party claiming privilege must "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection"). Typically, this is done using a privilege log that complies with Rule 26(b)(5)(A). *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

Defendant does not address the argument that privilege has been waived by failing to produce a privilege log in any meaningful manner. The Court is only aware of a privilege log as it relates to John Dawson and Dawson & Lordhal based on a brief to a companion motion (at ECF No. 55). As it relates to that order, this Court explained that Plaintiff was free to further develop the waiver argument. Given it is possible that defendants have waived the privilege by not producing a rule-compliant log, the Court will not rule on the crime-fraud exception until that predicate matter is resolved. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005). Plaintiff has 21 days from this order to file any appropriate motion related to this issue.

### B. Whether Defendant waived privilege by naming attorneys as fact witnesses

"In a federal action such as this based on diversity of citizenship jurisdiction, state law governs attorney-client privilege claims." *Kandel v. Brother Intern. Corp.*, 683 F.Supp.2d 1076, 1081 (C.D. Cal. 2009) (first citing Fed. R. Evid. 501) (then citing *Star Editorial, Inc. v. United States District Court for Central District of California (Dangerfield)*, 7 F.3d 856, 859 (9th Cir. 1993)). Nevada law governs the state law claims and defenses in this action.

Plaintiff relies on three cases—none of which are from Nevada—for the proposition that Defendant has waived attorney-client privilege by naming the subpoenaed attorneys as fact witnesses in the case. But Nevada courts, which is what this Court must focus on, have not held

that the mere act of calling an attorney to the stand waives privilege. Indeed, the Nevada Supreme Court has adopted the opposite rule. *Cheyenne Const., Inc. v. Hozz*, 102 Nev. 308, 311–12 (1986) (finding *Hozz* had *not* waived the attorney-client privilege by calling the attorney to testify regarding his dealings with Cheyenne Construction concerning the construction, repair work, and payment involved in the disputed project). In keeping with that decision, should these attorneys testify as to matters that come within the attorney-client privilege then they will have waived privilege as to that subject. *Id*. As things stand, the Court cannot conclude that these attorneys will be testifying as to matters covered by the attorney-client privilege and, as a result, finds the privilege has not been waived by the mere fact that they will be testifying as fact witnesses.

### C.  Fees

Plaintiff does not develop this argument. As a result, the Court denies the request.

### III.  CONCLUSION

Defendant's motion at ECF No. 65 and Plaintiff's countermotion to compel at ECF No. 72 are GRANTED in part and DENIED in part consistent with this Order. Should Plaintiff wish to challenge the sufficiency of the log it must do so within 21 days of this order.

DATED: July 12, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE