1

2        UNITED STATES DISTRICT COURT
         DISTRICT OF NEVADA
3

4   Snow Covered Capital, LLC,                    Case No. 2:22-cv-01181-CDS-BNW

5                        Plaintiff                **Order Denying Defendants' Motion to
                                                  Dismiss**
6       v.

7   Jodi Fonfa, et al.,                           [ECF No. 159]

8                        Defendants

9

10       Defendant Evan Fonfa, individually and as Trustee of the Evan Fonfa 2018 Trust, moves

11   to dismiss the sixth through tenth claims for relief from plaintiff Snow Covered Capital, LLC's

12   ('SCC") second amended complaint (SAC, ECF No. 147). ECF No. 189. For the reasons herein,

13   Evan's motion is denied.

14   **I.      Background[1]**

15       Although a court's review of a motion to dismiss is generally limited to the allegations in

16   the complaint, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), the incorporation by

17   reference doctrine allows me to take judicial notice of a document attached by a defendant to a

18   motion to dismiss when a "plaintiff's claim depends on the contents of a document" and "the

19   parties do not dispute the authenticity of the document, even though the plaintiff does not

20   explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068,

21   1076 (9th Cir. 2005). Thus, a court may take judicial notice of matters of public record without

22   converting a motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 689. But

23   courts may not take judicial notice of facts subject to reasonable dispute. *Id.* The Evan Trust is

24   incorporated by reference in the complaint, is central to SCC's claims, and no party questions

25   the authenticity of the exhibit. Furthermore, under Federal Rule of Civil Procedure 902(8), the

26
   _____
   [1] Unless otherwise noted as undisputed, references to the complaint in this section are for background
   information only and do not serve as a finding of facts.

1  trust is self-authenticating as a notarized document. Evan Trust, Defs.' Ex. 1, ECF No. 159-1 at 54

2  (notary public).[2] I therefore grant Evan's request, ECF No. 159 at 11, and take judicial notice of

3  the Evan Trust.

4          Andrew Fonfa, now deceased, established the Evan Fonfa Trust. Evan Trust, Defs.' Ex. 1,

5  ECF No. 159-1 at 7.[3] The trust appoints Evan Fonfa, Andrew's son, as the sole trustee (*id.* at 23)

6  and beneficiary (*id.* at 7). It also contains spendthrift provisions. *Id.* at 15. The complaint alleges

7  that Evan, as the sole trustee, has control over the Evan Trust assets, including an unrestrained

8  ability to reach the property within the trust. SAC, ECF No. 147 at ¶ 79. The complaint further

9  alleges that since Evan can have the trust assets distributed to himself, the Evan Trust is not a

10  spendthrift trust and cannot enjoy any spendthrift protections. *Id.*

11          The complaint challenges multiple alleged transfers that Andrew made to the Evan

12  Trust. SAC, ECF No. 147 at ¶¶ 80–97. These transfers include: (1) one half of Andrew's interest

13  in Indian Springs Holdings, LLC; and (2) Andrew's rights to the income streams flowing from

14  that interest in those holdings in the Evan Trust. *Id.* at ¶ 80. The complaint alleges that Andrew,

15  his wife Jodi Fonfa, and Evan have acted to conceal the Evan transfers, and further, that since

16  Andrew's death, Jodi and Evan have acted to conceal the Evan transfers and the details thereof.

17  *Id.* at ¶ 97.

18  **II.      Legal standard**

19          The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain

20  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

21  Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which

22

23  [2] I note that SCC avers that Evan intentionally redacted Schedule A from the Evan Trust before
submitting it as an exhibit. ECF No. 177 at 15 n.49. This argument does not challenge the authenticity of
the trust, but rather challenges the alleged redaction as an attempt to make it "impossible" for me and
24  SCC to determine what other property Andrew fraudulently transferred to the Evan Trust. *Id.* This order
does not determine whether Scheule A was redacted, or as Evan argues, ECF No. 224 at 1 n.4,
25  intentionally left blank.
[3] These facts are drawn from the Evan Trust (Evan Trust, Defs.' Ex. 1, ECF No. 159-1 at 7). Because, as set
26  forth herein, I determine that the Evan Trust is not a valid spendthrift trust, the court does not address
the other exhibits or arguments set forth by the parties.

1  relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

2  pleading must give fair notice of a legally cognizable claim and the grounds on which it rests,

3  and although a court must take all factual allegations as true, legal conclusions couched as

4  factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires

5  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

6  will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual

7  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

8  556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

9  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

10  that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a

11  sheer possibility that a defendant has acted unlawfully." *Id.*

12      If the court grants a motion to dismiss for failure to state a claim, leave to amend should

13  be granted unless it is clear that the deficiencies of the complaint cannot be cured by

14  amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a

15  court should "freely" give leave to amend "when justice so requires," and in the absence of a

16  reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated

17  failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing

18  party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*,

19  371 U.S. 178 (1962).

20  **III.    Discussion**

21      Defendant Evan Fonfa moves to dismiss the following claims under Rule 12(b)(6): (1)

22  Avoidance of Fraudulent Transfers Under NRS 112.180(1)(a) (sixth claim); (2) Avoidance of

23  Fraudulent Transfers Under NRS 112.180(1)(b)(1) (seventh claim); (3) Avoidance of Fraudulent

24  Transfers Under NRS 112.180(1)(b)(2) (eighth claim); (4) Avoidance of Fraudulent Transfers

25  Under NRS 112.190 (ninth claim); and (d) Avoidance of Transfers Under NRS 111.700 *et seq* (tenth

26  claim). The sixth, seventh, eighth, and ninth claims (the Fraudulent Conveyance Claims) allege

1  fraudulent conveyance claims against defendants under NRS 112.180 and NRS 112.190 related to

2  both the Indian Springs Sale and the other transfers. The tenth cause of action seeks to avoid any

3  nonprobate transfers made to either Evan or the Evan Trust at the time of Andrew's death.

### A.  Preliminary matter—incorrectly filed exhibits

5  As a preliminary matter, I note that Evan violated Local Rule IC 2-2(3), which requires

6  exhibits and attachments be attached as separate files—not as one document. Given the age of

7  this case and the need for judicial efficiency, I do not strike the filings under Local Rule IA 10-

8  1(d). However, the parties are cautioned that future violations of the rules may result in the

9  court striking inappropriately filed documents or exhibits. The court advises the parties that

10  adherence to the local rules assists the court in resolving motions more expeditiously.

### B.  Fraudulent conveyance claims (sixth through ninth claims)

#### 1.  *The Evan Trust's spendthrift status and applicable statute of limitations*

13  Evan moves to dismiss as time-barred SCC's fraudulent transfer claims regarding the

14  transfers to the Evan Trust (counts six through nine). ECF No. 159 at 15–17. Evan argues that the

15  Evan Trust is a spendthrift trust, which is subject to a two-year statute of limitations. *Id*. In

16  opposition, SCC argues that the Evan Trust is not a valid spendthrift trust, so the four-year

17  statute of limitations applicable to fraudulent transfers generally applies. ECF No. 177 at 12.

18  Under Nevada law, fraudulent transfer claims raised under § 112.180(1)(a) are subject to

19  two statutes of limitation. NRS 112.230(1)(a) governs fraudulent-transfer claims generally,

20  requiring that claims be brought "within 4 years after the transfer was made or the obligation

21  was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably

22  have been discovered by the claimant." NRS 112.230(1)(a). But where there is a fraudulent

23  transfer of property to a spendthrift trust a much shorter statute of limitations under NRS

24  166.170 applies. It requires that claims be brought within "two years after the transfer is made"

25  or "six months after the person discovers or reasonably should have discovered the transfer."

26

1  NRS 166.170 *et seq*. Accordingly, I must determine whether the Evan Trust is a valid spendthrift

2  trust.

3         "[A] spendthrift trust is defined to be a trust in which by the terms thereof a valid

4  restraint on the voluntary and involuntary transfer of the interest of the beneficiary is

5  imposed." NRS 166.020. In other words, spendthrift trusts protect against a beneficiary's

6  transfer of interests. *See Klabacka v. Nelson*, 394 P.3d 940, 950–51 (Nev. 2017) (discussing purpose

7  of and the legislative history of Nevada's statutory framework of protecting trust assets from

8  creditors). No specific language is necessary to create a spendthrift trust. NRS 166.050. Instead,

9  a spendthrift trust is created "if by the terms of the writing (construed in the light of [NRS

10 Chapter 166] if necessary) the creator manifests an intention to create such a trust." *Id.*  If the

11 spendthrift provisions are valid, neither the beneficiary nor the beneficiary's creditors may reach

12 the property within the trust. NRS 166.120(1).

13        Evan argues that the Evan Trust is a Nevada spendthrift trust because Andrew included

14 a spendthrift provision in the trust instrument, Andrew subjected the trust to Nevada law, and

15 the trust contains at least three valid restraints on the voluntary and involuntary transfer of

16 trust assets to the beneficiary. ECF No. 159 at 13. Evan argues that "[t]he fact that he is both the

17 [t]rustee and beneficiary is of no consequence" because the trust imposes restraints on his

18 ability to make distributions. *Id*. at 13–14. But *In re Frei Irrevocable Trust* states otherwise. 390 P.3d

19 646 (Nev. 2017). In that case, the Supreme Court of Nevada held that a spendthrift trust

20 becomes invalid once a beneficiary is entitled to have the trust principal conveyed to them. 390

21 P.3d at 653–54 (citing Restatement (Second) of Trusts § 153(2) (1959)). "The beneficiary does

22 not need to actually exercise the right of distribution, only possess it." *Id.* (citing *See In re Estate of*

23 *Beren*, 321 P.3d 615, 622 (Colo. App. 2013). Under the Restatement (Third) of Trusts, a

24 spendthrift trust is invalid if the beneficiary has the "equivalence of ownership," and can demand

25 immediate distribution of the property. Restatement (Third) of Trusts § 58 (2003), Comment on

26 Subsection (1)b & b(1). "The rationale for these rules is that a valid spendthrift trust restrains

both voluntary and involuntary attachments or distributions of a trust. It not only prevents creditors from attaching the beneficiaries' assets, but restrains the beneficiary from distributing assets as well." *In re Residuary Trust Established Under the Will of Rintz*, 2007 Phila. Ct. Com. Pl. LEXIS 254, at *13 (June 19, 2007).

Courts are consistent on valid spendthrift trusts containing restraints on both voluntary or involuntary attachments or distributions of the trust. For example, in *In re Bottom*, the Florida Northern Bankruptcy Court found that if a beneficiary exercises absolute dominion and control over the trust property, the trust can no longer be considered spendthrift. *In re Zabelski*, 81 B.R. 89, 90 (Bankr. N.D. Fla. 1988) (citing *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir. 1985)). And in *In re Schwen*, the Minnesota Bankruptcy Court found that "[t]he purpose of a spendthrift trust is to protect the beneficiary from himself and his creditors" and "fails where the beneficiary exercises dominion or control over the property of the trust." *Schwen v. Ramette (In re Schwen)*, 240 B.R. 754, 757 (Bankr. D. Minn. 1999) (citing *In re Cattafi*, 237 B.R. 853 (Bankr. M.D. Fla. 1999)).

Evan argues that *Frei* does not stand for the proposition that the sole beneficiary of a spendthrift trust cannot serve as its sole trustee, but rather that a trustee cannot be the sole beneficiary without restraints on the trustee's power of distribution. ECF No. 224 at 8. But Evan's own motion contradicts that argument. Using his argument and inserting Evan's first name in the place of "Evan's trust" as the "trustee" and "beneficiary," respectively, the trust reads as follows:

> "**the Trust endows only [Evan] with the power to make distributions** and explicitly precludes Evan, as beneficiary, from demanding that [Evan] make such distributions to him[self]."

ECF No. 159 at 14 (emphasis added).

Turning to the trust's language, and using Evan's name rather than title, the Evan Trust states that during Evan's life:

> 1.  [Evan] may, but shall not be required to distribute to any one or more of [Evan] and [Evan's] descendants as much of the net income and principal of the trust as [Evan] may at any time and from time to time determine, in such amounts or proportions as [Evan] may from time to time select for the recipient's health, education, maintenance or support in his or her accustomed manner of living.
> . . .
> 3.  Without limiting [Evan's] discretion, [Evan] may consider the needs of [Evan] as more important than the needs of [Evan's] descendants or of any other beneficiary.

Evan Trust, Defs.' Ex. 1, ECF No. 159-1 at 8 (emphasis added). So while it appears there are restraints on the funds, the restraints are broadly defined and permit distribution for almost any reason. Indeed, the plain language of the Evan Trust allows Evan to distribute funds to himself for at "his discretion," for "his needs," and "without limitation."

Further, I do not read *Frei* to hold that a spendthrift trust will maintain its spendthrift protection, even when a trustee is a beneficiary, when the trust restrains the trustee's discretion to distribute funds. The Supreme Court of Nevada was clear: "[o]nce a beneficiary is entitled to have the trust principal conveyed to him or her, however, any spendthrift protection becomes invalid." *In re Frei Irrevocable Tr.*, 390 P.3d at 651. That is precisely the situation with the Evan Trust.

Accordingly, while the Evan Trust contains a spendthrift provision, it is not a valid spendthrift trust because it gives Evan, as trustee, the right to distribute trust funds to himself, as a beneficiary. Accordingly, transfers to the Evan Trust are not subject to the special two-year statute of limitations set forth in NRS 166.170(1).[4]

---

[4] Because the statute of limitations outlined in Nev. Rev. Stat. § 166.170(1) does not apply, I decline to address Evan's related arguments. ECF No. 159 at 15–20. This determination also moots the court's need to address SCC's equitable estoppel and equitable tolling arguments. ECF No. 177 at 20–23.

1    Because all the subject transfers occurred within the applicable four-year statute of

2    limitations, Evan's argument that SCC's fraudulent transfer claims (counts six through nine) are

3    time barred fails.

4         *2.  Rule 9*

5         Evan argues that SCC failed to plead its fraudulent conveyance claims as to the "other

6    transfers" and "nonprobate transfers" to the Evan Trust, with sufficient particularity under

7    Federal Rule of Civil Procedure 9. ECF No. 159 at 20–21. SCC responds that Evan failed to

8    explain how or why SCC's allegations regarding the "other transfers" and "nonprobate transfers"

9    fall within the definition of fraud or mistake. ECF No. 177 at 23. Still, SCC argues that it

10   adequately pled the fraudulent conduct of the Fonfa family and their efforts to conceal transfers.

11   *Id*. at n.81.

12        Rule 9 provides that, "[i]n alleging fraud or mistake, a party must state with particularity

13   the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). But it clarifies that

14   "[m]alice, intent, knowledge, and other conditions of a person's and may be alleged generally."

15   *Id*. Plaintiffs must also allege the who, what, when, where, and how of the misconduct, and set

16   forth what is false or misleading about a statement, and why it is false. *Vess v. Ciba-Geigy Corp.*

17   *USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

18        Here, the complaint adequately alleges who made the transfer, what transfer occurred,

19   when the transfer occurred, where the transfer originated, and how the transfer occurred,

20   sufficiently complying with Rule 9. SAC, ECF No. 147 at ¶¶ 46–97; 126–222. Therefore, Evan's

21   motion fails on this ground.

22        **C.  Tenth claim for relief**

23        Evan argues that SCC failed to set forth sufficient factual allegations within its tenth

24   cause of action to survive dismissal under Rule 12(b)(6) because the complaint fails to

25   adequately satisfy Rule 12(b)(6), Rule 8, and because it is allegedly barred by Nevada law. ECF

26   No. 159 at 21–23.

1    In the tenth claim, SCC alleges that Evan and the Fonfa Trust avoided transfers in

2  violation of NRS 111.700 *et seq.* SAC, ECF No. 147 at ¶¶ 314–24. NRS 111.779 provides that "a

3  transferee of a nonprobate transfer is liable to the probate estate of the decedent for all allowed

4  claims against that decedent's probate estate to the extent the estate is insufficient to satisfy

5  those claims." NRS 111.779(1). And the statute allows creditors to collect on such nonprobate

6  transfers. NRS 111.779(8).

7    The court addresses each of Evan's arguments in turn.

8    ### 1.  *Rule 12(b)(6) and Rule 8*

9    Evan argues that the tenth claim fails because SCC did not allege facts sufficient to

10  demonstrate the plausibility of the claim to satisfy Rule 12(b)(6) and Rule 8. ECF No. 159 at 22.

11  Evan argues that "'case law does not permit plaintiffs to rely on anticipated discovery to satisfy

12  Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance

13  to discovery.'" *Id.* (quoting *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021))

14  (internal quotations and citations omitted).

15    Rule 12(b)(6) is read in conjunction with Rule 8. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200

16  (9th Cir. 2003). Rule 12(b)(6) authorizes courts to dismiss a complaint that fails "to state a

17  claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a) requires only "a short

18  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

19  8(a)(2). Rule 8 does not require detailed factual allegations but still "demands more than an

20  unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678

21  (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic

22  recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

23  555).

24    Here, the tenth claim alleges that "some of the transfers from Andrew to Evan and the

25  Evan Trust were nonprobate transfers upon death as contemplated by NRS 111.700 and included

26  such devices as 'pay on death designations' or 'POD designations.'" SAC, ECF No. 147 at ¶ 315. It

1  further alleges that "Evan and the Evan Trust, as the recipients of nonprobate transfers, are liable

2  to the Fonfa Estate because, as Jodi's estate inventories show, the assets of the Fonfa estate are

3  insufficient to pay all of the claims asserted against the Estate." *Id*. at ¶ 316. And it alleges that

4  SCC has a right to recover from Evan and the Evan Trust any monies transferred from Andrew,

5  at the time of Andrew's death, to Evan or the Evan Trust, if the transfer falls within a transfer

6  prohibited by NRS 111.700. SAC, ECF No. 147 at ¶ 321–24. And paragraphs 71–97 of the SAC

7  outline the alleged transfers to Evan and the Evan Trust. *Id*. at ¶ 71–97. Those allegations include

8  that "Evan Fonfa also received $8,300 from account(s) owned by Andrew Fonfa (as payable

9  upon death) when such funds should have been retained by the Estate of Andrew Fonfa to pay

10  pre-existing debts that Andrew Fonfa (now his Estate) owed, including the debt owed to SCC

11  under the terms of the Guaranty." *Id*. at ¶ 93. And that "Andrew may have transferred additional

12  assets to Evan, the Evan Trust and/or third parties for the benefit of Evan, the Evan Trust, or

13  such third parties" and "Evan and/or the Evan Trust were the recipients of one or more

14  nonprobate transfers upon death from Andrew." *Id*. at ¶¶ 94–95. And finally, that "transfers to

15  Evan and/or the Evan Trust, including the nonprobate transfers upon death, are referred to as

16  the 'Evan Transfers.'" *Id*. at ¶ 96. Accepting these factual allegations as true and viewing them in

17  the light most favorable to SCC, I find that SCC adequately pled its tenth claim for relief at this

18  stage. It is well settled that when a complaint pleads sufficient facts "to raise a right to relief

19  above the speculative level," a court may not dismiss the complaint under 12(b)(6). *See Twombly*,

20  550 U.S. at 555. Therefore, Evan's motion is denied on this ground.

21          *2. Nevada law*

22        Evan argues that NRS 111.779(12)(a)(6) and NRS 166.170 preclude SCC's tenth claim and

23  argue that the claim and the Evan Trust should be dismissed as a result. ECF No. 159 at 19.

24  Specifically, Evan argues that NRS 111.779 bars the claim because SCC seeks to avoid nonprobate

25  transfers made to the trust, which Evan argues is a valid spendthrift trust. *Id*.; ECF No. 224 at 19.

26  NRS 111.779(12)(a)(6) precludes a creditor from making a claim against "[a]n irrevocable trust or

amounts payable from a trust *if the trust was properly created as a valid spendthrift trust* under chapter 166 of NRS, except with respect to property transferred to the trust by the decedent to the extent permitted under subsections 1, 2 and 3 of NRS 166.170." (emphasis added). Because the Evan Trust is not a valid spendthrift trust, NRS 111.779(12)(a)(6) does not apply here. Therefore, Evan's motion is denied on this ground.

IV.     Conclusion

THEREFORE, Evan's motion to dismiss **[ECF No. 159]** is DENIED in full.

Dated: August 28, 2024

_____

Cristina D. Silva
United States District Judge