# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Snow Covered Capital, LLC,

            Plaintiff

   v.

Jodi Fonfa, et al.,

            Defendants

Case No. 2:22-cv-01181-CDS-BNW

**Order Denying Defendant's Motion for Reconsideration**

[ECF No. 243]

Before the court is defendant Evan Fonfa's motion for reconsideration of my order denying his motion to dismiss. Mot. for reconsideration, ECF No. 243. Plaintiffs oppose the motion. Opp'n, ECF No. 246. The motion is fully briefed. *See* Reply, ECF No. 250. For the reasons herein, Fonfa's motion for reconsideration is denied.

## I.    Background

Andrew Fonfa, now deceased, established the Evan Fonfa Trust. Evan tr., Defs.' Ex. 1, ECF No. 159-1 at 7.[1]  The trust appoints Evan Fonfa, Andrew's son, as the sole trustee (*id.* at 23) and beneficiary (*id.* at 7). It also contains spendthrift provisions. *Id.* at 15. The complaint alleges that Evan, as the sole trustee, has control over the Evan Trust assets, including an unrestrained ability to reach the property within the trust. SAC, ECF No. 147 at ¶ 79. The complaint further alleges that since Evan can have the trust assets distributed to himself, the Evan Trust is not a spendthrift trust and cannot enjoy any spendthrift protections. *Id.*

The complaint challenges multiple alleged transfers that Andrew made to the Evan Trust. SAC, ECF No. 147 at ¶¶ 80–97. These transfers include: (1) one half of Andrew's interest in Indian Springs Holdings, LLC; and (2) Andrew's rights to the income streams flowing from that interest in those holdings in the Evan Trust. *Id.* at ¶ 80. The complaint alleges that Andrew,

---

[1] As explained in the order on the motion to dismiss, I took judicial notice of the Evan Trust, which is attached to the complaint, central to the claims, and properly authenticated. *See* Order, ECF No. 232.

his wife Jodi Fonfa, and Evan have acted to conceal the Evan transfers and, further, that since Andrew's death, Jodi and Evan have acted to conceal the Evan transfers and the details thereof. *Id.* at ¶ 97. On August 28, 2024, I denied Evan's motion to dismiss and found that the Evan Trust was not a valid spendthrift trust. ECF No. 232 at 7.

## II.    Legal standard

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood.").

## III.    Discussion

In his motion, Evan argues that I improperly concluded that the Evan Trust was invalid. Evan argues that his interest in the Evan Trust is a "discretionary interest" which occurs when "the trustee has discretion to determine whether a distribution should be made and the amount of the distribution." ECF No. 243 at 3 (citing Nev. Rev. Stat § 163.4185(3)). Evan also argues that, under Nevada law, a beneficiary who has a discretionary interest **does not have an enforceable right to a distribution from the trust.**" *Id.* at 3–4 (citing Nev. Rev. Stat. § 163.419(1)) (emphasis added). Therefore, I was incorrect to state that he had a "right" to distribute trust funds to himself, a beneficiary, and invalidate the trust. *Id.* at 4. Additionally, Evan argues that in my order I misinterpreted *In re Frei*,[2] a Supreme Court of Nevada case, in my decision that the Evan Trust was invalid because the trust language in *In re Frei* required the trustee to pay the beneficiary a distribution. ECF No. 243 at 5. Evan argues that the trust in *In re Frei* is applicable

---

[2] 390 P.3d 646, 649 (Nev. 2017).

because it contained a mandatory distribution, but here, Evan has a discretionary one. ECF No. 243 at 5.

Evan seems to misinterpret the question before the court in determining the validity of the Evan Trust. In Nevada, a spendthrift trust is defined as "a trust in which by the terms thereof a **valid restraint** on the voluntary and involuntary transfer of the interest of the beneficiary is imposed." Nev. Rev. Stat. § 166.020 (emphasis added). Therefore, the question is not whether Evan has an enforceable right to a distribution, but whether the spendthrift trust contains a valid restraint. *In re Frei* holds that "[o]nce a beneficiary is entitled to have the trust principal conveyed to him or her, however, any spendthrift protection becomes invalid." 390 P.3d at 648 (citing Restatement (Second) of Trusts § 153(2) (Am. Law Inst. 1959)). "The beneficiary does not need to actually exercise the right of distribution, only possess it." *Id.* (citing *In re Est. of Beren*, 321 P.3d 615, 622 (Colo. Ct. App. 2013)). Although Evan is correct that the facts of *In re Frei* are distinguishable from the facts here, that does not change reasoning set forth in my order, nor does it make it clearly erroneous. Although Evan does not have a mandatory distribution and therefore cannot demand a distribution as the beneficiary, Evan is also the trustee and the language of the Evan Trust allows Evan, as the **sole** trustee, broad permission to provide Evan, as the beneficiary, a distribution for almost any reason. As I explained in my previous order,

> [W]hile it appears there are restraints on the funds, the restraints are broadly defined and permit distribution for almost any reason. Indeed, the plain language of the Evan Trust allows Evan to distribute funds to himself for at [sic] "his discretion," for "his needs," and "without limitation." Further, I do not read *Frei* to hold that a spendthrift trust will maintain its spendthrift protection, even when a trustee is a beneficiary, when the trust restrains the trustee's discretion to distribute funds. The Supreme Court of Nevada was clear: "[o]nce a beneficiary is entitled to have the trust principal conveyed to him or her, however, any spendthrift protection becomes invalid." *In re Frei Irrevocable Tr.*, 390 P.3d at 651. That is precisely the situation with the Evan Trust.

ECF No. 232 at 7. The court notes that Evan advanced this same argument previously in support of his motion to dismiss. *See* ECF No. 243 at 6 (acknowledging that this same argument was "set forth in defendant's underlying Reply"); *see also* ECF No. 224 at 7–8. "A motion for

reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d. 1280, 1288 (D. Nev. 2005) (citing *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

Evan also argues that the order denying the motion to dismiss was clearly erroneous because it relies on case law from outside the district of Nevada. ECF No. 243 at 6. Considering Evan's motion for reconsideration also references and relies on case law from outside the district of Nevada, I find this argument to be unpersuasive. *See* ECF No. 243 at 5, 6 (citing to case law from Wisconsin and Illinois). Evan takes issue with my citation to *In re Zabelski*[3] and *In re Schwen*,[4] and argues that I improperly relied on out-of-district case law that conflicts with Nevada law. *Id.* at 7. However, Evan overstates and misunderstands the purpose for citing to these cases. I did not rely on this out-of-district case law when analyzing whether the Evan Trust was a spendthrift trust. Rather, I cited these two cases for the general proposition that "[c]ourts are consistent on valid spendthrift trusts containing restraints on both voluntary or involuntary attachments or distributions of the trust." ECF No. 232 at 6. When I analyzed whether the Evan Trust was a spendthrift trust, I applied the holding and reasoning from *In re Frei* to the facts at issue. *See id.* at 5–7. Because I relied on Nevada law when finding that the Evan Trust was an invalid spendthrift trust, Evan fails to meet his burden demonstrating my decision was clearly erroneous and Evan provides no other argument compelling enough to meet the high bar to succeed on a motion for reconsideration. Consequently, his reconsideration motion is denied.

## IV.    Conclusion

It is hereby ordered that defendant Evan Fonfa's motion for reconsideration **[ECF No. 243] is DENIED.**

Dated: May 12, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] 81 B.R. 89, 90 (Bankr. N.D. Fla. 1988).
[4] 240 B.R. 754, 757 (Bankr. D. Minn. 1999).